HOWARD OOTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84123.   Promulgated March 29, 1938.

*Samuel M. Wilson, Esq.*, for the petitioner.
*Conway N. Kitchen, Esq.*, for the respondent.

573

**OPINION.**

HILL: The only issue in this case is whether the loss sustained by petitioner in 1933 from the sale of the property known as No. 218 North Broadway, Lexington, Kentucky, constitutes an allowable deduction from gross income. Such loss is not allowable unless (1) it was incurred in trade or business, or (2) incurred in a transaction entered into for profit, though not connected with the trade or business. Sec. 23 (e) (1), (2), Revenue Act of 1932. Concededly the loss in question was not incurred in connection with petitioner's trade or business, but he contends that it was incurred in a transaction entered into for profit.

Petitioner purchased the Lexington property on October 16, 1928. At that time he and his wife were occupying a house on a tract of land, originally part of the Dixiana Farm, which he purchased and sold in the same year to one Fisher, who shortly thereafter demanded possession. Petitioner and his wife thereupon occupied the house in

Lexington on November 20, and remained there until December 28, when they went to Florida. From 1928 to 1933, when the property was finally sold, petitioner and his wife occupied the Lexington house approximately four months in each year, usually about two months in the spring and two months in the fall. A considerable portion at least of the balance of each year they spent in Florida, or elsewhere outside of the State of Kentucky.

Article 171 of respondent's Regulations 77, issued under the Revenue Act of 1932, provides that a loss on the sale of residential property purchased or constructed by a taxpayer for use as a personal residence, and so used up to the time of sale, is not deductible; but where property so purchased or constructed is, prior to sale, rented or otherwise appropriated to income-producing purposes and is so used up to the time of sale, a loss from the sale is properly allowable. It will be noted that under this regulation property acquired by a taxpayer for use as a personal residence must not only be abandoned for such purpose but must be thereafter rented or otherwise appropriated to income-producing purposes *and* actually be so used up to the time of sale in order to render a loss thereon deductible.

Similar provisions were contained for the first time in Regulations 74 under the 1928 Revenue Act. Prior regulations provided that a loss on residential property could not be deducted unless the property was originally purchased or constructed "with a view to its subsequent sale for pecuniary profit."

In *Heiner* v. *Tindle*, 276 U. S. 582, decided April 9, 1928, the Court declined specifically to pass upon the correctness of the early regulations above referred to for the reason that the question was not before it, but the Court did refuse to apply the principle embodied therein. In effect, the Court held that the provision of the regulations that a loss was not allowable unless the property was originally purchased or constructed with a view to its subsequent sale for a pecuniary profit was not in conformity with the statute, and further held that, where property so purchased or constructed was subsequently abandoned for that purpose *and* was thereafter devoted to business uses in the production of taxable income until sold, a loss from the sale was properly allowable. Accordingly, the regulations under the 1928 Act were conformed to the doctrine enunciated in the *Tindle* case, and similar provisions have been continued in the regulations issued under the subsequent revenue acts.

The principle appears now to be well settled that a loss from the sale of a residence is not an allowable deduction unless (1) the use of the property as a residence was abandoned, and (2) it was devoted *exclusively* to the production of taxable income from the time of aban-

donment until sold. Abandonment of a personal residence, followed by a listing of the property with the real estate agent for sale or rent, is not sufficient. In *Morgan* v. *Commissioner* (C. C. A., 5th Cir.), 76 Fed. (2d) 390; certiorari denied, 296 U. S. 601, the taxpayer built a home in 1913 in which he resided until 1927, when he removed to Florida. He placed the property in the hands of a real estate agent, "with instruction to diligently endeavor to rent the same in whole or in part or to sell it." The property was not rented, with the exception of a garage, but it was sold in 1929 at a loss. In denying the right to deduct such loss, the court, after a discussion of *Heiner* v. *Tindle*, *supra*, said:

The question here is whether the residence abandoned as such and put into the hands of an agent "to rent in whole or in part or to sell" is devoted exclusively to the production of taxable rentals, or whether indeed there is a transaction at all within the meaning of the statute. We think not. The owner did not remodel or recondition the house, or do anything that specially devoted it to rental purposes. He spoke only to his agent, which in legal effect is speaking to himself; and his instructions were as much to sell as to rent it and a sale was the actual outcome. * * * Here the taxpayer could have returned any day to his home or have sold it without hindrance. What he did does not amount to a transaction.

To the same effect see also *Rumsey* v. *Commissioner* (C. C. A., 2d Cir.), 82 Fed. (2d) 158; certiorari denied, 299 U. S. 552, and *Fremont C. Peck*, 34 B. T. A. 402, 405.

Petitioner contends most strenuously that the cited cases are not in point for the reason that the property in controversy was not acquired in the first instance as a personal residence; that his original purpose in purchasing the property was to sell it for a profit, and therefore it was a transaction entered into for profit; that he never used the property as a personal residence, but merely stayed in the house and occupied it temporarily from time to time. We are not impressed by this argument.

Petitioner's intentions in the matter, we think, are best demonstrated by his actions. The undisputed evidence clearly shows that the property was never in fact converted to business property, or used for income-producing purposes; that the petitioner resided there with his wife for a substantial portion of each year from the time of purchase in 1928 until the property was finally sold in 1933. The fact that he intended to occupy the residence only temporarily, if such was the case, and did so from time to time as suited his convenience, is immaterial.

In *R. C. Bayliss*, 35 B. T. A. 1128, we denied the right of the taxpayer to deduct a loss on the sale of residential property, although it appeared that the purchase was originally made with the intention

of using or disposing of it as in a transaction entered into for profit, and it further appeared that the property was occupied by the taxpayer only temporarily, or until a new residence was completed for his occupancy. In that connection we held that the taxpayer abandoned his original intention by using the property as a residence, and since it was not used at any time to produce income, the purchase and sale lost the characteristics of a transaction entered into for profit.

We hold that petitioner here is not entitled to the deduction claimed.

*Judgment will be entered for the respondent.*