Samuel A. Coykendall, Jr., Mary E. Coykendall v. Commissioner.
Coykendall v. Commissioner
Docket No. 43820.
United States Tax Court
T.C. Memo 1954-210; 1954 Tax Ct. Memo LEXIS 39; 13 T.C.M. (CCH) 1086; T.C.M. (RIA) 54315; November 30, 1954, Filed Samuel A. Coykendall, Jr., pro se. Robert *40 J. Cowan, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $1,105.20 in petitioners' income tax for the year 1949. Petitioners have conceded two issues. The remaining question is whether a loss sustained on the sale of certain real property owned by petitioners constituted a loss incurred in a trade or business or in a transaction entered into for profit so as to be deductible under either section 23(e)(1) or section 23(e)(2) of the Internal Revenue Code of 1939. Findings of Fact Some of the facts have been stipulated and are found accordingly. Mary E. Coykendall, hereinafter sometimes called petitioner, and Samuel A. Coykendall, Jr., hereinafter sometimes called petitioner's husband, filed a joint income tax return for the year in controversy with the collector for the first district of New York. Petitioner's husband was engaged in the insurance business during the year in controversy. He reported salaries from two corporations in that year. On August 26, 1926, petitioner acquired title to a parcel of improved real property at 652 Forest Avenue, Larchmont, New York, hereinafter sometimes *41 called the Larchmont property. The Larchmont property was used by petitioners as their personal residence from 1926 until some time in 1949. Petitioners offered it for rent or sale in March of that year. Between March 1 and November 30, 1949, petitioners expended $950 on the property to replace the original yellow stucco exterior finish with a modern white cement finish; to remove certain paneling, molding, and lighting fixtures; and to repaint the walls, ceiling and woodwork. The Larchmont property produced no rental income in 1949. Respondent allowed a deduction from petitioners' 1949 gross income for depreciation and maintenance expenses sustained on the Larchmont property during the period March 1, 1949 to November 28, 1949. In 1947, petitioner purchased certain unimproved property at East Quogue, Long Island, New York, on which she made improvements. Petitioners sold the Larchmont property in November 1949 for $17,250 on which they claim a loss of $3,068.90. Petitioners reported no income or loss and deducted no expenses in 1949 from a trade or business of general contracting or modernizing and erecting improvements on real property. Petitioner capitalized the 1949 *42 costs incurred in connection with the Larchmont property and did not claim them as repairs. Petitioner voted in 1948 from the East Quogue residence. She built a second addition to the East Quogue property early in 1949. In February 1949, petitioner also acquired for occupancy a 2-year and 8-month lease on a New York City apartment. Respondent disallowed the loss claimed by petitioners on the sale of the Larchmont property. The Larchmont property had not lost its character as a personal residence of petitioners on the date of its sale in November 1949. Petitioners were not engaged in a real estate trade or business in 1949. Opinion Any loss on the sale of a taxpayer's residence is a personal loss. John Randolph Hopkins, 15 T.C. 160; Howard Oots, 37 B.T.A. 571; Regs. 111, sec. 29.23(e)-1. Deductions of a personal nature are denied by section 24, Internal Revenue Code of 1939. Only by an actual and irrevocable conversion from personal to business use can the effect of this doctrine be avoided. Heiner v. Tindle, 276 U.S. 582; Rumsey v. Commissioner, (C.A. 2) 82 Fed (2d) 158; Howard Oots, supra.Petitioner seeks *43 to escape the application of the rule by claiming to be engaged in a trade or business in connection with which the property was used. But even making the tenuous assumption that petitioner's activity was such as to constitute a business, but see Leland Hazard, 7 T.C. 372, it is abundantly clear that prior to the sale, the property was not employed in this connection or any other profit-engendered transaction. Warren Leslie, Sr., 6 T.C. 488; Allen L. Grammer, 12 T.C. 34. Not only is respondent justified in asserting that deductions are matters of legislative grace and have no reference to the equities; but in this instance it is hard to see that petitioners are being unfairly treated. The property in question was apparently used as petitioners' residence for over 22 years. If allocated over this period the claimed loss of approximately $3,000 would come to about $135 a year. While we have no evidence of the original cost of the improvements as distinguished from the land, the cost of the whole was apparently in the neighborhood of $20,000 and it would certainly not be unreasonable to assume that at least one-half or $10,000 could be allocated *44 to the improvements. If depreciation had been deducted currently at the diminutive rate of 1 1/4 per cent a year during the time of petitioner's occupancy, which would be on the assumption of an 80-year life, there would have been no deductible loss. Sec. 113, I.R.C. of 1939. The only reason depreciation was not allowed or allowable was that as petitioner's dwelling this was a personal expense. Under all the circumstances we find no error in respondent's determination. Decision will be entered for the respondent.