## BUCKWALTER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5988.

Circuit Court of Appeals, Sixth Circuit.

Oct. 31, 1932.

J. G. Denny, Jr., of Philadelphia, Pa., for petitioner.

J. M. Hudson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Byron M. Coon, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The petitioner is one of the vice presidents of the Timken Roller Bearing Company and complains that in the assessment of his personal income tax for the years 1924 and 1925 he was denied a deduction for the exhaustion of two patents owned by him and susceptible to valuation as of March 1, 1913, but which had not been exploited in any way, as by the granting of licenses or the prosecution of suits against infringers. One of these patents covered a special design of truck for use in creosoting railroad ties, and the other a roller bearing assembly for the axles of such trucks. Neither patented device was used by the Timken Roller Bearing Company. The contention is that the petitioner was compelled to forego the prosecution of actions for infringement because practically all infringers (the railroads) were users of Timken bearings and such suits would therefore have antagonized customers and possibly have been detrimental to the business of his employer; that this fact was taken into consideration by his employer in fixing the amount of the annual bonus for each year in question; that the patent situation was thus instrumental in the production of income; and that the patents themselves must therefore be regarded as used in the petitioner's business as an executive of the Timken Roller Bearing Company.

The Revenue Acts of 1924 and 1926, § 214(a)(8), permit the deduction of an allowance for exhaustion only "of property used in the trade or business" of the taxpayer. 43 Stat. 253, c. 234, 44 Stat. 9, c. 27, 26 USCA § 955(a)(8). While there may be serious doubt whether the petitioner, as a salaried executive, was engaged in a "trade or business" within the meaning of the act [Cf. Hughes v. Commissioner, 38 F.(2d) 755 (C.

C. A. 10); Refling v. Commissioner, 47 F. (2d) 859 (C. C. A. 8); Ames v. Commissioner, 49 F.(2d) 853 (C. C. A. 8)], we do not consider it necessary to determine this point. It seems obvious to us that, whether he was or was not so engaged, the patents were not "used in" that business. Only that which is directly employed in carrying on a trade or business falls within the statutory definition. To abstain from use cannot be considered as the equivalent of use. To "use" is an active verb; the position of the petitioner was entirely passive. It is true that his inaction possibly may have redounded to his financial benefit, by placing him in better grace with his employer, or it may have been a condition precedent to the continuance of his employment; but the patents were not a means by which this service to his employer was rendered, and can not be considered as used in the performance of those duties from which they were entirely distinct.

Affirmed.