### KITTREDGE v. COMMISSIONER OF INTERNAL REVENUE.

No. 236.

Circuit Court of Appeals, Second Circuit.

March 8, 1937.

Satterlee & Canfield, of New York City (F. Morse Hubbard and Barham R. Gary, both of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and Alexander Tucker, Sp. Assts. to the Atty. Gen., of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In 1931 the petitioner sold a property known as the Weston Winery for substantially less than it had cost him. Whether the sale resulted in profit or loss for income tax purposes is the matter in dispute, and this turns on whether the cost of the property should be diminished by deductions for depreciation for the years 1922 to 1931, during which the petitioner had no tenant for it and did not operate it himself. Specifically, the question is whether the property was "used in the trade or business" of the taxpayer within the meaning of section 23(k) of the Revenue Act of 1928 (45 Stat. 799, 800) and the similar provision of prior revenue acts.

The petitioner purchased the winery in 1919 for the price of $25,000, and during 1920 expended sums for buildings and machinery which brought the cost of the property to $37,422.53. In 1920 he leased it to a tenant who agreed to operate it as a grape juice plant on a profit-sharing basis. Early in 1922, however, the tenant abandoned the grape juice project as a failure, and the lease was terminated by agreement. Thereafter the petitioner neither leased the property nor used it for any purpose whatever. In 1931 he sold it for $12,000, and reported a loss from the sale in his tax return. The Commissioner corrected the return to show a profit by diminishing the cost of the property by the amount of depreciation allowable during the years of the petitioner's ownership. In none of these years had he claimed or been allowed for income tax purposes any deduction for depreciation, though in fact the property had depreciated to the extent and in the manner determined by the Commissioner. During the period from 1919 to 1931 the petitioner owned other wineries, which were operated by lessees, and as to these he had taken deductions for depreciation in his income tax returns.

Section 111(b) (2) of the Revenue Act of 1928 (45 Stat. 815 [26 U.S.C.A. § 111 note]) provides that in determining the amount of gain or loss from a sale of property "(2) The basis shall be diminished by the amount of the deductions for exhaustion, wear and tear, obsolescence, amortization, and depletion which have since the acquisition of the property been allowable in respect of such property."

The amounts deductible in the ascertainment of the gain or loss from a sale are independent of whether or not deductions were claimed in the taxpayer's annual returns. United States v. Ludey, 274 U.S. 295, 304, 47 S.Ct. 608, 611, 71 L.Ed. 1054; article 561, Treas.Reg. 74. Whether deductions for depreciation during the years in question were "allowable" depends upon the meaning of section 23(k) of the 1928 Act (45 Stat. 799, 800) and the similar provision in the prior applicable acts. Section 23(k) allows deduction from gross income of "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." See articles 201, 202, Treas.Reg. 74. Hence

**634**

the dispute is reduced to the single question whether the Weston Winery was "used in the trade or business" of the petitioner during his ownership, since, if it was, annual deductions were allowable for the depreciation which admittedly occurred.

Obviously, the petitioner was engaged in the winery business during the years in question, for he was operating through lessees other winery properties in California. Equally obvious is it that the Weston Winery was used in his business while a tenant was operating it on shares as a grape juice plant until early in 1922. Thereafter it lay idle, and the petitioner insists that the controversy is settled in his favor by a stipulation to the effect that since the termination of that lease "he has not leased the property or used it for any purpose whatever." But this means no more—as the colloquy of counsel before the trial member of the Board would make clear, if otherwise doubtful—than that the petitioner neither leased the winery nor operated it himself; it does not preclude decision of the question of law whether deductions for depreciation are allowable when property devoted to business purposes lies idle. The Board of Tax Appeals ruled that they are. With this conclusion we agree. To read the phrase "used in the trade or business" as meaning only active employment of property devoted to the business would lead to results which we cannot believe Congress intended. For example, one factory of a large industrial plant may lie idle for a year, and in fact suffer depreciation as great, or greater, than that sustained by the factories in operation. To allow no depreciation for the idle factory would be most unfair to the taxpayer, for he must claim the deduction in his tax return for the year when the depreciation occurs, and may not take it in a later year. See Hardwick Realty Co. v. Commissioner, 29 F.(2d) 498, 500 (C.C.A. 2). Hence we think the phrase should be read as equivalent to "devoted to the trade or business"; that is to say, that property once used in the business remains in such use until it is shown to have been withdrawn from business purposes. If this be the meaning, the Board's decision was right, for there is nothing in the stipulated facts to indicate that the petitioner abandoned the property or did anything to withdraw it from his business; he merely failed to find a tenant or to operate it for himself during the years in question. The authorities relied upon by the petitioner do not deal with properties acquired and held for use in the taxpayer's trade or business, and are not inconsistent with our view, although a dictum to the contrary may be found in Buckwalter v. Commissioner, 61 F.(2d) 571, 572 (C.C.A.6). A prior decision by the Board supports the view here taken. Independent Brick Co. v. Commissioner, 11 B.T.A. 862, 869.

Order affirmed.