**YELLOW CAB CO. OF PITTSBURGH v. DRISCOLL, Collector of Internal Revenue.**

No. 8925.

District Court, W. D. Pennsylvania.

Sept. 30, 1938.

Leland T. Atherton, of New York City, and Dickie, Robinson & McCamey, By Charles A. Woods, Jr., all of Pittsburgh, for plaintiff.

Charles F. Uhl, U.S. Atty., and Orris Bennett, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover the sum of $1,170.28, with interest thereon from March 10, 1937, which amount represents income and excess profits taxes with interest thereon, which was paid by plaintiff to the defendant, Collector of Internal Revenue, on the above date. Jury trial was waived. The Court makes the following findings of fact and conclusions of law:

Findings of Fact.

1. The Court finds the facts as contained in the Stipulation of Facts of the parties hereto, which is filed herewith and which, by reference, is made a part hereof.

2. Plaintiff stored in its garage the 18 taxicabs involved in this case July 1, 1931. They remained in storage until abandonment thereof by plaintiff November 30, 1935. For their preservation at the time of storage, plaintiff removed all water, gas, batteries and tires therefrom.

3. The taxicabs were stored on account of the general business condition in and about the City of Pittsburgh and the resultant non-demand for the use of said taxicabs. It was plaintiff's intention to use said taxicabs when the business condition would justify the use thereof.

4. Plaintiff abandoned the taxicabs stored, November 30, 1935, by reason of a new type of taxicab then planned and about to be manufactured which made the use of the stored taxicabs impracticable.

5. Depreciation in the amount of $9,925.-71 was sustained on the eighteen taxicabs involved in this proceeding aliquotly spread between July 1, 1931 and November 30, 1935, based upon a remaining useful life from July 1, 1931 of four and five-twelfths years. The depreciation so computed represents a reasonable allowance thereof based upon the remaining useful life of these taxicabs while not in active use.

6. Plaintiff sustained no deductible loss on account of the abandonment of the eighteen taxicabs on November 30, 1935.

### Conclusions of Law.

I. The applicable acts are the Revenue Act of 1928, c. 852, 45 Stat. 791; Revenue Act of 1932, c. 209, 47 Stat. 169; and Revenue Act of 1934, c. 277, 48 Stat. 680, § 23 (*l*), 26 U.S.C.A. § 23(*l*).

II. The taxicabs involved were depreciable under said acts from July 1, 1931 to November 30, 1935, inclusive.

III. Plaintiff was not entitled to a deduction in its 1935 taxes by virtue of the abandonment November 30, 1935 of said eighteen taxicabs.

IV. Defendant is entitled to a judgment in its favor.

### Opinion.

The facts are fully stated in the foregoing findings of fact. The facts stated here are only those which are material to the discussion of the issue now before the Court.

The plaintiff is a corporation engaged in the business of operating taxicabs for hire in the City of Pittsburgh, Pennsylvania. In January, 1931, plaintiff purchased eighteen second-hand taxicabs at a cost of $11,934.19. Plaintiff used said taxicabs in its business until July 1, 1931. They were then stored by plaintiff in its garage and they remained stored until the abandonment thereof, November 30, 1935. Storage was caused by a slump in business in the City of Pittsburgh, which continued during the period aforesaid; and as a result thereof, there was no demand for the use of said taxicabs. It was the intention of plaintiff during the time that said taxicabs were stored, to use the same if business conditions justified the use thereof. Plaintiff abandoned the taxicabs November 30, 1935 because of a new type of taxicab which had then been planned and which was in the process of manufacture, which made impractical the use of said taxicabs.

Plaintiff, in its tax return for the year 1931, claimed and was allowed a deduction for depreciation of said taxicabs, based on the mileage used between January and July 1, 1931, which amounted to $2,008.48, which amount deducted from the purchase price, left the sum of $9,925.71. Plaintiff made no claim in its tax return of 1931 for depreciation after said taxicabs were stored, nor did it make any claim for deduction on account of depreciation of taxicabs during the years 1932, 1933, 1934 or 1935. In the latter year, the plaintiff claimed a deduction of the above sum of $9,925.71 by reason of the abandonment of said taxicabs. The taxicabs, at the time of said abandonment, did not have any salvage value. The Commissioner of Internal Revenue disallowed said deduction and made the assessment of taxes for which this action is brought. The Commissioner allowed depreciation for the year 1935 in the sum of $2,060.05. The Commissioner also found the amount of the depreciation from the time that the taxicabs were stored July 1st, 1931 and during the years preceding 1935. This depreciation was computed on the basis of the unexpired life of said taxicabs, being four and five-twelfths years from July 1, 1931. Plaintiff paid the taxes in full, under protest; a claim for a refund was duly made and refused. The applicable acts which are the same as Section 23 (*l*) of the Revenue Act of 1934, 26 U.S.C.A. § 23(*l*), provide: "§ 23. *Deductions from gross income*. In computing net income there shall be allowed as deductions * * * (*l*) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. * * *"

Plaintiff bases its right to recover in this case on the contention that "For income tax purposes, in computing taxable net income, the language of Section 23(*l*) of the Revenue Act of 1934 limits and restricts the allowance for depreciation to property actually used in the trade or business of the taxpayer," and that the taxicabs were not so actually used. This contention is not sustained. The taxicabs involved were not abandoned prior to November 30, 1935. They were held by plaintiff for actual use and would have been used if business conditions would have justified the use thereof. This constitutes "property used" within the meaning of the statute. Kittredge v. Commissioner of Internal Revenue, 2 Cir., 88 F. 2d 632; Independent Brick Co. v. Commissioner, 11 B.T.A. 862; United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054.

In Kittredge v. Commissioner, supra, it is stated in the opinion by Swan, C. J.:

"In 1931 the petitioner sold a property known as the Weston Winery for substantially less than it had cost him. Whether the sale resulted in profit or loss for income tax purposes is the matter in dispute, and

this turns on whether the cost of the property should be diminished by deductions for depreciation for the years 1922 to 1931, during which the petitioner had no tenant for it and did not operate it himself. Specifically, the question is whether the property was 'used in the trade or business' of the taxpayer within the meaning of section 23 (k) of the Revenue Act of 1928 (45 Stat. 799,800 [26 U.S.C.A. § 23(*l*)]) and the similar provision of prior revenue acts * * *. Whether deductions for depreciation during the years in question were 'allowable' depends upon the meaning of section 23(k) of the 1928 Act (45 Stat. 799,800) and the similar provision in the prior applicable acts. Section 23(k) allows deduction from gross income of 'A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.' * * * To read the phrase 'used in the trade or business' as meaning only active employment of property devoted to the business would lead to results which we cannot believe Congress intended. For example, one factory of a large industrial plant may lie idle for a year, and in fact suffer depreciation as great, or greater, than that sustained by the factories in operation. To allow no depreciation for the idle factory would be most unfair to the taxpayer, for he must claim the deduction in his tax return for the year when the depreciation occurs, and may not take it in a later year. See Hardwick Realty Co. v. Commissioner, 29 F.2d 498, 500 (C.C.A. 2). Hence we think the phrase should be read as equivalent to 'devoted to the trade or business'; that is to say, that property once used in the business remains in such use until it is shown to have been withdrawn from business purposes. If this be the meaning, the Board's decision was right, for there is nothing in the stipulated facts to indicate that the petitioner abandoned the property or did anything to withdraw it from his business; he merely failed to find a tenant or to operate it for himself during the years in question." [page 633.]

No decision has been cited ruling the contrary, although there may be a dictum to the contrary in Buckwalter v. Commissioner, 6 Cir., 61 F.2d 571.

Let an order be prepared and submitted, directing the entry of judgment in accordance with the foregoing findings of fact, conclusions of law and this opinion.