ESTELLE G. MARX, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 3602.   Promulgated May 31, 1945.

*J. Steven Holt, Esq.*, for the petitioner.
. *Lawrence F. Casey, Esq.*, for the respondent.

#### OPINION.

OPPER, *Judge*: By this proceeding petitioner challenges respondent's
determination of a deficiency of $702.20 in her income tax for the year
1939.   The only item contested involves the deduction of a loss of
$3,304.50 claimed on the sale of a yacht.

All of the facts are stipulated and are hereby found accordingly.
They may be summarized as follows:

Petitioner filed her income tax return for the year 1939 with the
collector of internal revenue for the third district of New York.

Under the will of her husband, Lawrence Marx, who died testate
May 2, 1938, petitioner had a yacht bequeathed to her.   Under the will
petitioner, Peter Lavan, and Bankers Trust Co. were named executors
and were duly so appointed on May 13, 1938.   On July 13, 1938, the
yacht was included among assets distributed by the executors to
petitioner.

At the death of Lawrence Marx and for several months prior
thereto the yacht was in storage at the Robert Jacobs Ship Yard,
City Island, New York, where it remained in storage until it was
sold April 17, 1939, for the net amount of $8,695.50.   At no time
was the yacht used by petitioner or the executors.

The yacht had been listed and advertised for sale by Lawrence
Marx at the date of his death and for several months prior thereto,
and it continued to be listed and advertised for sale by the executors
and by petitioner at all times from May 2, 1938, until April 17, 1939.

The fair market value of the yacht on May 2, 1938, was $12,000,
this being the amount determined by respondent for estate tax pur-
poses.   From May 2, 1938, until January 1, 1939, depreciation in
the amount of $400 was sustained by petitioner on the yacht.

At no time during her ownership did petitioner intend to use
the yacht.

The present issue is stated by respondent in his brief to be "whether
the acquisition of non-investment property through inheritance is
*necessarily* a 'transaction entered into for profit' so as to *automatically*

bring any subsequent loss on the disposition of said property within the scope of Section 23 (e) [emphasis added]." We view this statement not only as inaccurate, but as demonstrating the error of respondent's approach.

The problem is to ascertain whether the transaction was entered into for profit. That involves a consideration of the purpose or state of mind of the principal participant, although, to be sure, this may be ascertained from conduct as well as words. *Henry J. Gordon*, 12 B. T. A. 1191; *Farish* v. *Commissioner* (C. C. A., 5th Cir.), 103 Fed. (2d) 63, reversing 36 B. T. A. 1114. The fact that property is acquired by inheritance is, by itself, neutral. It shows nothing constructive to aid in disposing of the issue. It is not like cases where property has been used for residential or other personal purposes by the instant taxpayer, as in *Morgan* v. *Commissioner*,[1] and where a change of intention must hence affirmatively appear. See 5 Mertens Law of Federal Income Taxation, 282, 284. But neither does it in and of itself demonstrate a motive connected with gain or profit, as might, for example, the purchase of investment property. The respondent could thus have said with correctness that, if nothing more is shown than that property was acquired by inheritance, any loss must be disallowed. That would proceed, however, from the absence of any probative facts and the consequent necessity of ruling against the taxpayer, who has the burden of proof.

Here petitioner engaged in no previous conduct inconsistent with an intention to realize as soon as possible and to the greatest extent possible the pecuniary value of the yacht. She did not at any time, as in *Juliet P. Hamilton*[2] and *Lihme* v. *Anderson*[3] make any use of the property for her personal purposes and, indeed, it is stipulated that she never intended to do so. There was accordingly no prior dedication to personal use for her to overcome by unmistakable subsequent conduct. Cf. *Howard Oots*, 37 B. T. A. 571. The record contains nothing to counteract or negative the uniform, continuous, and apparently bona fide efforts of petitioner to turn the property to a profit which would justify any conclusion but that this was at all times her exclusive purpose. We think the loss should have been allowed.

Since petitioner now apparently concedes that the deduction in question is to be limited, by excluding the depreciation previously allowable, to the amount of $2,904.50.

*Decision will be entered under Rule 50.*

---

[1] (C. C. A., 5th Cir.), 76 Fed. (2d) 390; certiorari denied, 296 U. S. 601.
[2] 25 B. T. A. 1317.
[3] (Dist. Ct., S. Dist. N. Y.), 18 Fed. Supp. 566.