Margaret M. Kinnicutt v. Commissioner.
Kinnicutt v. Commissioner
Docket No. 7866.
United States Tax Court
1945 Tax Ct. Memo LEXIS 22; 4 T.C.M. (CCH) 1051; T.C.M. (RIA) 45355; December 4, 1945
*22 In 1931, petitioner inherited an undivided one-half interest in certain re l estate from her mother who, prior to her death, had used the property as a private residence. Petitioner was married, had children, and had an established home of her own. At no time did she use or intend to use the inherited property as a residence. Shortly after the property was distributed it was placed in the hands of real estate agents for sale or rent. The agents were unable to sell or rent the property until 1941, at which time it was sold. Held, the loss sustained by the petitioner is deductible under Section 23(e)(2) except as limited by Section 117. N. Stuart Campbell, 5 T.C. 272; and Robert W. Williams, 1 B.T.A. 1101, followed. Bradley S. Gilman, Esq., 340 Main St., Worcester, Mass., for the petitioner. A. J. McDowell, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This controversy involves an income tax deficiency for the taxable year 1941 in the amount of $1,003.61. The sole question is whether petitioner is entitled to a deduction for a long-term capital loss sustained by her in the taxable year upon the sale of her interest in certain land which she inherited from her mother. The facts have been stipulated by the parties and are found accordingly. Findings of Fact Petitioner is an individual residing at Worcester, Massachusetts. She filed an original and an amended income tax return for 1941 with the collector for the district of Massachusetts. In 1931 petitioner inherited from her mother, Margaret B. Moen, an undivided one-half interest in the residence property owned and occupied by her mother until her death. Petitioner's *24 sister, Elizabeth M. Alton, inherited the remaining undivided one-half interest. The property consisted of a residence building and 25,381 square feet of land. At their mother's death both the petitioner and her sister were married, had children, and had established homes of their own. The husband of each of them had income of his own. Neither petitioner nor her sister intended at any time to use the inherited property as a residence and it was never so used by either of them. As soon as possible after Mrs. Moen's death the property was placed in the hands of real estate brokers with instructions to sell, or if sale could not be effected promptly, to rent it. No purchaser or tenant was found and no income was ever realized from the property by petitioner or her sister. Between December 1936, and March 1937, the sisters caused the building on the property to be demolished. The fair market value of the land alone, exclusive of the building, was $25,381 at the time of its acquisition by the sisters. They sold the land during the taxable year for a net selling price of $11,999.47. Petitioner's original income tax return for 1941 disclosed a tax of $2,595.48, which tax she paid. *25 She claimed no deduction on account of the loss here in question in her original return. On an amended return filed March 14, 1942, petitioner claimed a deduction for a long-term capital loss on the sale in the amount of $3,345.38 computed as follows: Cost
$25,381.00
Net selling price
11,999.47
Loss
$13,381.53
Petitioner's share
6,690.77
Percentage taken into account
(50%)
3,345.38
On March 18, 1942, petitioner filed claim for refund of tax in the amount of $1,003.61, which claim arose from the long-term capital loss deduction claimed on the amended return. The Commissioner allowed the deduction claimed on the amended return and made a refund of $967.16 tax, plus interest. The amount refunded was less than the amount claimed because of certain minor adjustments to petitioner's net income made by the Commissioner and not contested by petitioner. In the deficiency notice herein the Commissioner determined that no deduction is allowable on account of the loss sustained by petitioner on the sale of her interest in the land inherited from her mother. Opinion ARUNDELL, Judge: The sole question at issue is whether the transaction was one entered into for *26 profit within the meaning of section 23(e)(2) of the Internal Revenue Code so as to permit of a deduction to the extent of 50 per cent of a long-term capital loss sustained by petitioner in the taxable year. The respondent takes the position that because the property had been used as a private residence by petitioner's mother up to the time of her death, its status remains the same in the hands of petitioner as inheritor until such time as it is actually converted to a profitable use. In N. Stuart Campbell, 5 T.C. 272, we had before us the same problem. In that case the taxpayer had, in 1934, inherited an interest in a parcel of real estate which had been used by his father for many years as a private residence. The taxpayer owned a private residence of his own and at no time did he use or intend to use the inherited property as a private residence. Immediately after the property came to him he placed it with real estate agents for sale or rent. The agents did not succeed in selling or renting the property until 1941, when a sale was made. The Commissioner advanced the same argument here used. We held that the transaction, in so far as the taxpayer *27 therein was concerned, was one entered into for profit within the meaning of section 23(e)(2) and that the loss in question was an allowable deduction except as limited by section 117. Robert W. Williams, Executor, 1 B.T.A. 1101. We are, so far as is here material, unable to perceive any material distinction between the Campbell case, supra, and the case at hand. Accordingly, we follow that case and for the reasons stated therein, we hold that the deduction here in question is allowable to the extent claimed by petitioner. See also Estelle G. Marx, 5 T.C. 173. Decision will be entered for the petitioner.