SOLOMON WRIGHT, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11620. Promulgated August 11, 1947.

*J. Andrew Crafts, C. P. A.,* for the petitioner.
*Sheldon V. Ekman, Esq.,* for the respondent.

#### OPINION

MURDOCK, *Judge:* The Commissioner determined a deficiency of $3,880.82 in income tax for 1943. The only issue for decision is whether a loss sustained from the sale of land was an ordinary loss or a capital loss. It was submitted upon stipulated facts.

The petitioner, an individual, filed his return with the collector of internal revenue for the second district of New York. He was president of a substantial manufacturing company in New York City and devoted a small portion of his time to real estate activities consisting of the renting of two summer cottages in or near Westhampton Beach, Long Island, New York.

One of those properties, known as the "Dunes," was on the beach. The petitioner rented it from 1934 through 1938. The house was entirely destroyed in the hurricane which struck that area in September 1938. The unexhausted basis for the house was deducted and allowed as a loss for 1938.

The petitioner placed the property for sale with local real estate agents early in 1939. He sold the property in November 1943 for $3,000 and sustained a loss of "$4,672 (which amount is not in dispute between the parties)." It was not rented after the the house was destroyed.

The Commissioner has determined that this loss was a loss from the sale of a capital asset and subject to the limitations of section 117.

This means that the land was a capital asset. The definition of a capital asset excludes "real property used in the trade or business of the taxpayer." The Commissioner takes the narrow position that the land was not used in the taxpayer's business of renting property after the house was destroyed, but, thereafter, was merely property held as an investment and, consequently, a capital asset. He attempts to distinguish cases in which a rental property consisting of a house and lot is sold as a unit while being rented. The petitioner tried to sell the lot promptly after the house was destroyed. He sold it as soon as he was able to obtain a fair price. Its character as real property used in his business was not lost and did not change under the facts as stipulated. The loss was an ordinary loss, deductible in full. *Leland Hazard*, 7 T. C. 372; *John D. Fackler*, 45 B. T. A. 708; affd., 133 Fed. (2d) 509; *William H. Jamison*, 8 T. C. 173.

*Decision will be entered under Rule 50.*