CARTER-COLTON CIGAR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9123. Promulgated August 20, 1947.

*Frank A. McCleneghan, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

220

OPINION.

KERN, *Judge*: The single question for decision here is whether the loss sustained by petitioner from the sale in 1943 of the vacant lot was an ordinary or a capital loss.

It is petitioner's position that the lot was not a capital asset by reason of the 1942 amendment to section 117 (a) (1) of the Internal Revenue Code, which excluded from the definition of capital assets "real property used in the trade or business of the taxpayer."

Respondent, on the other hand, contends that the real estate involved here was a capital asset, since it was never actually *used* in

petitioner's trade or business, although he does not question the fact that it was bought for the purpose of being so used.

The facts are simple and undisputed; the legal question is novel, but not, we think, too difficult.

It is our view that the real property involved here was "used in the trade or business" of the petitioner, within the meaning of the statute, when it was purchased for the business purpose of causing a building to be constructed thereon to be occupied by the petitioner corporation and steps were taken looking toward the consummation of that plan, to the extent of causing plans to be drawn and specifications to be prepared for use in building on that particular lot. It seems to us that at that time some use, normal for that state of proceedings, had begun to be made of the lot for the petitioner's business purposes. Full or maximum use, of course, had not yet been made, and was finally prevented by later-developing circumstances over which petitioner had no control.

A similar question, arising under this relatively new amendment to the code, has recently been considered by this Court. *Solomon Wright, Jr.*, 9 T. C. 173. In that case the real estate involved had ceased to be actively used in the taxpayer's business, since his business had ceased, yet we held it nevertheless not to be a capital asset.

Where the statute allows deductions for depreciation of property "used in the trade or business," it has been held that "used in the trade or business" means "devoted to the trade or business," and includes all such property, whether actually in use during the taxable year or not. *Kittredge* v. *Commissioner*, 88 Fed. (2d) 632; *Yellow Cab Co. of Pittsburgh* v. *Driscoll*, 24 Fed. Supp. 993; *P. Dougherty Co.*, 5 T. C. 791, 795. The acquisition of real estate for use at its principal place of business by a corporation is a proper business purpose and function, and the real estate so purchased, in our opinion, is devoted to and "used in" the business of the corporation during the planning and building stages preparatory to actual occupancy. Its character as "real property used in * * * trade or business" continues even after the planned use becomes impossible. *Solomon Wright, supra.*

The fact that petitioner received some slight income from the property by leasing it for advertising space after petitioner had listed it for sale and pending its sale, does not seem to us to be particularly pertinent to the question before us. Such use of the property was in no way connected with petitioner's business, but was more in the nature of an incidental attempt to keep the property from being a total loss during the period when attempts were being made to dispose of it.

Upon the issue presented, we decide in favor of petitioner.

*Decision will be entered under Rule 50.*