*Decision will be entered under Rule 50.*

MONTELL DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17195. Promulgated September 30, 1948.

*Edward R. Lawrence, Esq.*, for the petitioner.
*S. W. Herzfeld, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge*: The respondent disallowed any loss on account of the sale of the Harvard Street property because petitioner had not established his cost or other basis. At the hearing this defect was remedied and a cost of $2,500 was proven.

The petitioner contends in respect of the loss that the Harvard Street lot was real property used in his trade or business; that it was accordingly excluded from the category of capital assets; and that the loss sustained on its sale was deductible as an ordinary business loss. We disagree. At the time petitioner bought the lot in 1923 it was restricted property, zoned residential. Had he taken the pains to inquire he could have learned this fact. This he did not do. The consequence was that he bought a lot which he was expressly forbidden by local law from using in his trade or business. As a matter of fact also, petitioner never used the lot in his trade or business. Thus this case differs basically from those where a business use existed in fact and was later abandoned or where the use ceases to be possible because of changed conditions. Cf. *Carter-Colton Cigar Co.*, 9 T. C. 219, and *Solomon Wright, Jr.*, 9 T. C. 173.

We hold that petitioner's property constituted a capital asset and that the loss deduction is accordingly limited by section 117.

The facts as to the second issue appear chiefly in petitioner's tax return. He reported gross income of $9,212.19 and adjusted gross income of $4,623.34. His return showed losses aggregating $4,588.85, consisting of a bad debt of $2,025.25 and loss on the sale of the Harvard Street property in the amount of $2,563.60, which was computed as follows: From the selling price of $811 he deducted the cost of $2,500 and to the resulting figure he added taxes paid in the amount of $874.60 as expenses of sale, resulting in the figure of $2,563.60. Although the taxes were improperly added to the loss as above shown, respondent admits that taxes in the amount of $874.60 were deductible. Respondent contends, however, that if the deduction of $874.60 be allowed as a specific deduction for taxes paid, petitioner may not also

claim the standard deduction of $500 on line 2 of the tax computation. The instructions on line 2 in the tax computation read as follows:

Enter DEDUCTIONS (if deductions are itemized above, enter the total of such deductions; if adjusted gross income (line 1, above) is $5,000 or more and deductions are not itemized, enter the standard deduction of $500).

Petitioner's adjusted gross income was less than $5,000. Nevertheless and in the face of the above instructions, he claimed the standard deduction of $500. Though claimed indirectly, petitioner's treatment of the taxes paid resulted in a deduction of the item of $874.60. The consequence was that petitioner, with an adjusted gross income of $4,623.34, claimed deductions (directly or indirectly) of $1,374.60.

Section 23 (aa) (3) (D) of the Internal Revenue Code reads, in part, as follows:

* * * If the adjusted gross income shown on the return is less than $5,000, but the correct adjusted gross income is $5,000 or more, then an election by the taxpayer under subparagraph (B) to pay the tax imposed by Supplement T shall be considered as his election to take the standard deduction; and his failure to elect under subparagraph (B) to pay the tax imposed by Supplement T shall be considered his election not to take the standard deduction.

Respondent thereupon argues that:

The correct adjusted gross income as determined by respondent is in excess of $5,000. Petitioner failed to pay the tax indicated on the table (Supplement T) which includes the optional standard deduction. By such failure, in the light of the above-quoted statutory provision, petitioner elected "not to take the standard deduction." It, therefore, follows that the $500 deduction claimed by him should be disallowed.

We are inclined to agree with the result indicated by respondent's argument. We are satisfied that petitioner may not have the benefit of both the standard deduction and other specific deductions—that he was entitled to the deduction of $874.60 as taxes paid. He was not entitled also to a standard deduction of $500. In the recomputation consequent on this opinion the standard deduction will be disallowed.

There remains for consideration the bad debt issue as to which we have made an ultimate finding of fact favorable to petitioner. The record establishes that the money was lent by petitioner to Vaughn in connection with their business relation under a promise of reimbursement, which reimbursement was never made. It is also proven that all reasonable efforts to collect were made without result. Investigation made as to the prospects of repayment resulted in the conclusion that the debt was uncollectible and became worthless in 1945. We agree and have so found. The sum of $2,025.25 will be allowed as a bad debt on recomputation.

*Decision will be entered under Rule 50.*