MARY E. CRAWFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25788. Promulgated March 30, 1951.

*Norman D. Keller, Esq.*, and *A. G. Wallerstedt, C. P. A.*, for the petitioner.

*Louis A. Boxleitner, Esq.*, for the respondent.

## OPINION.

Murdock, *Judge:* This is not a case in which a taxpayer is attempting to convert a property to a business use after he owned and occupied it as a residence. Cf. *Warren Leslie, Sr.,* 6 T. C. 488. The petitioner, under the will of her husband, for the first time acquired

interests in the properties which she sold in 1947. She acquired those interests by devise from her husband. She then had a choice in regard to the homestead property—she could continue to occupy it as a residence or she could treat it as a business property in which she would be interested solely for what financial benefit she could get out of it. She decided upon the latter course. The fact that the petitioner lived in the residence for a short time after her husband's death while she was completing necessary arrangements for making her home elsewhere does not show an intent to make this newly acquired property her home. *John N. Hughes*, 8 B. T. A. 206; *George W. Carnrick*, 9 T. C. 756. Her ownership of that property and also her ownership of the adjoining vacant lots, thus began as a purely business transaction and was never complicated by her personal living problems. The situation was complicated by the fact that her brother-in-law owned a two-sevenths interest in the property and chose to continue to live there until his death in 1941. Thereafter, she made an unsuccessful attempt to claim rent from his estate. The evidence shows that the petitioner from the very beginning of her ownership treated the property not as her home but as a piece of property from which she hoped eventually to derive some financial benefit. She made efforts to rent or sell all of the property just as soon as she acquired control over the remaining two-sevenths interest and her efforts eventually led to the sale in 1947. Her loss therefrom is a loss from a business transaction within the meaning of section 23 (e), Internal Revenue Code. *Robert W. Williams, Exec.*, 1 B. T. A. 1101; *Estelle G. Marx*, 5 T. C. 173; *N. Stuart Campbell*, 5 T. C. 272; *Quincy A. Shaw McKean*, 6 T. C. 757; *George W. Carnrick, supra.*

Her basis for gain or loss on the property is the value at the time of the husband's death of the five-sevenths interest in the homestead property and of the adjacent property, the cost of demolishing the buildings, and so much of the cost of the remaining two-sevenths, interest as applies to the part sold, reduced by five-sevenths of the value at the date of the husband's death of the properties which she later gave to the servants. Some of those figures have been stipulated, others have been established by testimony and appropriate findings have been made.

The petitioner claims further that her loss was an ordinary one and not a long term capital loss. She makes that claim upon the ground that the land sold was "real property used in the trade or business of the taxpayer" within the meaning of section 117 (a) (1). The Commissioner cites no authority on this issue and regards the two properties as forming one residential property from which there could be no deductible loss. It has been held that efforts to rent property, even unsuccessful or interrupted efforts, bring it within this or a similar exception to the definition of capital assets contained in

section 117 (a) (1). *N. Stuart Campbell, supra; Quincy A. Shaw McKean, supra; Leland Hazard*, 7 T. C. 372; *Solomon Wright, Jr.,* 9 T. C. 173; *George W. Carnrick, supra.* Cf. *Carter-Colton Cigar Co.*, 9 T. C. 219; *Alamo Broadcasting Co.*, 15 T. C. 534. The petitioner made unsuccessful efforts over a long period of time to rent the property from which she ultimately sustained the loss. Cf. *Solomon Wright, Jr., supra.* It was held in some of the above cases involving years prior to 1942 that the loss was an ordinary one in so far as the building was concerned but the loss on the land was a capital loss. That distinction between the loss on the land and the loss on the building was eliminated by section 151 (a) of the Revenue Act of 1942 which amended section 117 (a) (1). Senate Finance Committee Report No. 1631, 77th Congress, Second Session, p. 119. *Leland Hazard, supra; Solomon Wright, Jr., supra.* The recent case of *Estate of Maria Assman*, 16 T. C. 632, is distinguishable because in that case the widow made no effort to rent the property. The petitioner's loss in the present case was not a capital loss.

*Decision will be entered under Rule 50.*