OPINION. Hill, Judge: The respondent contends that the loss from petitioner’s sale of the land in question constituted a loss from the sale of a capital asset. The petitioner, on the other hand, contends first that he held the 20-acre tract in question primarily for sale in the ordinary course of his trade or business and, second, that “the 20-acre parcel * * * was ‘real property used in the trade or business of the taxpayer’ within the meaning of Internal Revenue Code Section 117 (a) (1).” We ágree with the petitioner that the property in question was “real property used in the trade or business of the taxpayer” since petitioner rented the property during substantially all of the period he owned it and, therefore, that the loss in question is deductible in full under the provisions of section 23 (e). See section 117 (a) (1) of the Code. That conclusion is supported by Leland Hazard, 7 T. C. 372.[1] In that case the taxpayer was an attorney at law who prior to July 1,1939, owned and occupied, as a residence, property in Kansas City, Missouri. On July 1, 1939, the taxpayer and his family moved to Pittsburgh, Pennsylvania. In January 1940 taxpayer listed the Kansas City property with real estate agents for rent or sale. Early in 1940 that property was rented for $75 per month. The property was continuously rented until sold on November 1, 1943. The Commissioner there, as here, determined the loss sustained was allowable only as a long term capital loss under the limiting provisions of section 117. We stated as follows: * * * Prior to the Revenue Act oí 1942 the established rule followed by this and other courts over a long period was that residential improvements on real estate converted into income-producing property are property “used in the-trade or business of the taxpayer,” regardless of whether or not he engaged in any other trade or business, and are therefore excluded from the definition of “capital assets” as defined by section 117 (a) (1). John D. Fackler, 45 B. T. A. 708 (and cases therein cited); affd., 133 Fed. (2d) 509; N. Stuart Campbell, 5 T. C. 272; George S. Jephson, 37 B. T. A. 1117. The undisputed facts bring the instant case within the rule. Thus, unless the amendments contained in the Revenue Act of 1942 require a change in the rule, the petitioner’s position must be upheld. The Court then went on to determine that section 151 (b) of the Revenue Act of 1942, which added section 117 (j) to the Code, did not change the rule established in John D. Fackler, 45 B. T. A. 708. We then concluded that the taxpayer’s Kansas City property, as above-explained, was not a capital asset at the time of its sale and that the taxpayer was entitled to a deduction for the total net loss as an ordinary loss under section 23 (e) of the Code. The facts of the case at bar are not distinguishable from the Hazard case, supra. Petitioner rented the property throughout almost all of the time that he held it. We therefore feel in view of what was said in the Hazard case, supra, that the property in question was not a. capital asset as defined by section 117 (a) (1) of the Code. William H. Jamison, 8 T. C. 173; Solomon Wright, Jr., 9 T. C. 173; Mary E. Crawford, 16 T. C. 678. We therefore conclude that petitioner may deduct the total net loss of $5,517.30 under section 23 (e) of the Code. It follows that respondent erred in his determination. Decision will he entered for petitioner. Acquiesced 1946-2 C. B. 3.