Jay BURNS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15178.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1955.

John E. Simpson, Alex P. Gaines, Atlanta, Ga., for petitioner.

Meyer Rothwacks, Ellis N. Slack, Harry Baum, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Daniel A. Taylor, Chief Counsel, John M. Morawski, Sp. Atty., Internal Revenue Service, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

In this review of a decision of the Tax Court, involving income tax liability of petitioner for the year 1947, the question is whether a loss resulting from the sale of an unimproved lot in 1947 admittedly purchased in 1926 for use in the bakery business of petitioner, was deductible as an ordinary loss under Sec. 23(e) of the Internal Revenue Code of 1939, or as a capital loss under Secs. 23(g) and 117(a) (1).[1]

The facts relating to the acquisition, purpose, holding and sale of the lots in question are not in dispute. Taxpayer bought these lots in Tampa, Florida, in 1926, intending to build a bakery plant on them to re-enter the bakery business in which he had been previously engaged. He paid $25,000 for the lots in a new industrial section of Tampa, intending to exchange them for stock of a corporation to be organized for the purpose of erecting a baking plant and conducting a bakery business. A corporate charter was acquired, and plans and specifications for the plant were drawn. Before organization of the corporation was completed, however, another baking company, which owned and operated a chain of bakeries through the South, acquired a site in Tampa and began the erection of a plant. Taxpayer thereupon abandoned his project, and continued to own the lots.

The development of the new industrial area in Tampa ceased with the collapse of the Florida land boom and taxpayer listed the lots with real estate agents for sale at a price of $5,000. No offers of purchase were received from 1927 through 1946. During most of that period "For Sale" signs were maintained on the property. In 1947 taxpayer accepted a purchase offer from the owner of corresponding lots across the avenue from taxpayer's property, realizing approximately $1200 net after expenses of the sale.

The Tax Court held, 21 T.C. 857, that the lots were acquired by taxpayer in a transaction entered into for profit, and that they were not held by him primarily

---

1. Internal Revenue Code of 1939:
    "§ 23. Deductions from gross income.
    "In computing net income there shall be allowed as deductions:

    \*   \*   \*   \*   \*

    "(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year are not compensated for by insurance or otherwise—
    "(1) if incurred in trade or business; or
    "(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*.
    "(g) Capital losses.
    "(1) Limitation. Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in Section 117." 26 U.S.C.A. § 23.
    "§ 117. Capital gains and losses
    "(a) [As amended by Section 151(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798] Definitions. As used in this chapter—
    "(1) Capital Assets. The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but *does not include* stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property *held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business,* or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(*l*), \* \* \* *or real property used in the trade or business of the taxpayer;* \* \* \*." (Emphasis supplied.) 26 U.S. C.A. § 117.

for sale to customers in the ordinary course of his trade or business.

In his income tax return for 1947, taxpayer reported his loss on the sale of the lots ($23,807.60) as a loss sustained on "Property Other Than Capital Assets"; accordingly he deducted it in full, and reported no taxable net income. The Commissioner determined that the loss resulted from the sale of capital assets, and consequently was a capital loss the deductibility of which was subject to the capital loss limitations. The Tax Court sustained the Commissioner's determination.

The petitioner here contends that the loss sustained by him in 1947 was a loss incurred in a transaction entered into for profit which, by virtue of Sec. 23(e) (2) of the Internal Revenue Code, may be deducted in full from gross income.

The Government contends that petitioner has overlooked Sec. 23(g) which deprives the taxpayer of the benefits of 23(e) (2) if the loss is from a sale of a capital asset. The Government further says that petitioner admits that these lots were capital assets. If this were true, the Government's position would be so obviously correct as to require little comment.

To the contrary, petitioner says these lots were not capital assets, because the very definition of capital assets in Sec. 117(a) (1) excludes them. Petitioner says they are "real property used in the trade or business of the taxpayer." If they are, then, since the loss was admittedly incurred in a transaction entered into for profit, the taxpayer would prevail.

This question was not passed on by the Tax Court. It is not clear why this was so, except that the petitioner below, having stated the facts as to the acquisition ownership and sale of the lots did not spell out the theory on which he relied

for relief. He did raise other issues as to other parcels of real estate which he claimed he sold as "property held * * * primarily for sale to customers." Since the Tampa lots were also in the category of real estate, the Tax Court contented itself with finding that these particular lots were in no way connected with taxpayer's Lake Wales real estate business, and concluded, therefore, that they were capital assets. The Tax Court did not discuss or pass upon the contention of the taxpayer that they fall within the last exception in the definition of capital assets instead of the third exception set forth in Sec. 117(a) (1).

This contention of the taxpayer is not even discussed by the Government in its brief filed before us, and it is treated rather lightly by petitioner himself in his brief; that is to say petitioner's brief does not expressly explain, as counsel did in oral argument, that the *reason* Sec. 23(e) (2) applies is that Sec. 23(g) does not apply because the assets are not capital assets.

We are satisfied that under the theory applied in cases decided by the Tax Court [2] to the effect that real estate acquired for use in a trade or business may not necessarily lose that status if plans to use it are frustrated, the Tax Court should, in this case consider this issue before it is passed on by this Court. We do not hereby pass on the validity of the theory expounded in the cases cited, but refer to the Tax Court the question as to whether this is a proper case for its application, since it is a theory that has not, so far as has been called to our attention, been passed on by any Circuit Court.

Since the failure of the Tax Court to pass on this contention is not attributable to any failure by petitioner to present the facts raising this issue, then we hold that the decision should be reversed insofar as it determines that the sale of

2. Carter-Colson Cigar Co. v. Commissioner of Internal Revenue, 9 T.C. 219, Acquiescence, 1947—2 C.B. 1; Wright v. Commissioner of Internal Revenue, 9 T.C. 173, Acquiescence, 1947—2 C.B. 5;

Cf. Beck v. Commissioner of Internal Revenue, 7 Cir., 179 F.2d 688 and Hopkins v. Commissioner of Internal Revenue, 15 T.C. 160, 167–171.

the Tampa lots was a sale of capital assets, so that the Tax Court may consider and pass upon petitioner's contention that this was a sale of real property used in the trade or business of the taxpayer.

Reversed and remanded for further proceeding by the Tax Court consistent with this opinion.