**Alice E. COHN, Marion A. Cohn, Daniel E. Cohn, and Edgar M. Cohn, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14221.**

United States Court of Appeals Ninth Circuit.

Oct. 1, 1955.

---

4. See General Motors Corp. v. Estate Stove Co., 6 Cir., 1953, 201 F.2d 645, at page 659, and cases cited in footnote 11 on that page.

Edward L. Conroy, Los Angeles, Cal., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Joseph F. Goetten, Ellis N. Slack, Hilbert P. Zarky, John J. Kelley, Jr., Special Assts. to Atty. Gen., John Potts Barnes, Chief Counsel, Int. Rev. Service, Chicago, Ill., for respondent.

Before FEE and CHAMBERS, Circuit Judges, and LING, District Judge.

LING, District Judge.

This is a review of a decision of the Tax Court, 21 T.C. 90, which sustained the finding of the Commissioner of Internal Revenue that the sale of 69 multiple unit houses by petitioners in 1945 did not constitute a sale of capital assets within the meaning of Section 117(a)(1) and (j)(1) of the Internal Revenue Code, 26 U.S.C.A. § 117(a)(1) and (j)(1) and therefore the gain realized therefrom constituted ordinary income rather than long-term capital gain.

Section 117(a)(1) provides for long-term capital gains treatment for recognized gains upon sale or exchange of property used in trade or business. Section 117(j)(1) defines property used in trade or business for the purposes of that subsection as real property used in trade or business, held for six months which is not held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

The petitioners, Daniel and Edgar Cohn, are partners in the Security Construction Company which was organized in May of 1942 and built houses for sale before wartime controls of private housing went into effect in February 1943. The Company received priorities to build multiple unit houses which it intended to sell under N.H.A. regulations, and, later, to build single house units which it intended to sell upon completion. All of the defense housing, 178 houses in all, was completed in 1944, and 109 single unit houses were sold in the same year. The remaining 69 multiple unit houses were rented in 1944 and all

were sold in 1945 having been rented for periods ranging from 9 to 20 months. The question is whether these houses were intended to be used as rental property for investment purposes and were later sold or whether they were held primarily for sale to customers. If the latter, the gains from the sales must be treated as ordinary income as the Commissioner contends.

There is no fixed formula or rule of thumb for determining whether property sold by the petitioners was held by them primarily for sale to customers in the ordinary course of their trade or business. Each case must rest on its own facts. Mauldin v. Commissioner, 10 Cir., 1952, 195 F.2d 714, 716. The petitioners have the burden of proving that the particular properties sold in 1945 were held primarily for investment rather than primarily for sale. Greene v. Commissioner, 5 Cir., 1944, 141 F.2d 645; certiorari denied, 1944, 323 U.S. 717, 65 S.Ct. 45, 89 L.Ed. 577; Commissioner of Internal Revenue v. Boeing, 9 Cir., 1939, 106 F.2d 305, certiorari denied, 1939, 308 U.S. 619, 60 S.Ct. 295, 84 L.Ed. 517.

The Tax Court in making its decision considered several factors—the frequency and continuity of sales; the purpose for which the property was originally built; whether there was a bona fide change from the original purpose of building the houses for sale; the extent and substantiality of the sales transactions; and the extent and substantiality of the sales income as compared to the rental income earned by the company. These are factors commonly considered by other courts in making such a determination. See Victory Housing No. 2 v. Commissioner, 10 Cir., 1953, 205 F.2d 371; Mauldin v. Commissioner, 195 F.2d 714, supra; Commissioner of Internal Revenue v. Boeing, 106 F.2d 305, supra. None of the factors stated above was cited as being controlling but all were considered by the Tax Court.

This court in reviewing the determination of the Tax Court is not free to make its own independent determination of fact. The findings of the Tax Court on questions of fact are conclusive unless clearly erroneous. Gensinger v. Commissioner, 9 Cir., 1953, 208 F.2d 576; Mauldin v. Commissioner, 195 F.2d 714, supra. The question whether the property is being held primarily for sale to customers in the ordinary course of trade or business within the meaning of Section 117(j) is one of fact, King v. Commissioner, 5 Cir., 1951, 189 F.2d 122, 124 certiorari denied, 1951, 342 U.S. 829, 72 S.Ct. 54, 96 L.Ed. 627; Rubino v. Commissioner, 9 Cir., 1951, 186 F.2d 304, certiorari denied, 1951, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 615 and we do not find the facts as determined by the Tax Court from the evidence presented to be clearly erroneous.

The Tax Court after considering all of the factors mentioned above came to the conclusion that the property was being held primarily for sale to customers rather than as primarily rental property. The decision of the Tax Court that petitioners must treat the gain from the sale of 69 multiple unit houses in 1945 as ordinary income is Affirmed.