**Beverly B. BISTLINE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 1884.

United States District Court
D. Idaho, E. D.

Nov. 1, 1956.

F. M. Bistline, R. Don Bistline and Beverly B. Bistline, Pocatello, Idaho, for plaintiff.

Arthur L. Biggins, Atty., Dept. of Justice, Washington, D. C., for defendant.

TAYLOR, District Judge.

The plaintiff brings this suit against the United States to recover income taxes alleged to have been erroneously assessed and collected. Pursuant to a motion by the United States an order was entered naming A. R. Spaulding, plaintiff's former husband, a party plaintiff; Spaulding, however, made no appearance in this action.

This Court's jurisdiction is based on 28 U.S.C.A. § 1346(a) (1).

 The issue in this case is whether profits realized by the taxpayer from the sale of real estate in the years 1947 and 1948 were properly taxed as ordinary income. The determination of this question depends upon whether the property sold was capital assets within the meaning of § 117 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117, or whether it was excluded as constituting "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business".

On July 1, 1947, the taxpayer's parents transferred approximately 200 lots of improved and unimproved real estate in and near the city of Pocatello, Idaho, to her by means of two gift deeds. The taxpayer, 24 years of age at the time the deeds were executed, was employed as the business manager of the Pocatello Transit Company, one of her father's business enterprises, which owned and operated buses in Pocatello. One of the said deeds was filed for record on July 15, 1947; the other was recorded on August 13, 1947.

The taxpayer immediately began to dispose of this property. She sold two lots on August 5, 1947. Later in the year, in two separate sales, she sold three more lots. Her net gain on all these sales amounted to $2,950. She reported a long-term capital gain of $1,475, and paid taxes on the same for the year 1947. Four sales were consummated in 1948, in which the taxpayer disposed of a total of 103½ lots, plus all of Block 6 in Pocatello, Idaho, for a net gain of $19,148.75. She treated this sum as a long-term capi-

tal gain, and paid taxes on fifty per cent of the same, or $9,574.37.

The Internal Revenue Service determined that the property involved in the said sales in 1947 and 1948 had been held primarily for sale to customers in the ordinary course of the taxpayer's business, and assessed additional taxes in the amount of $396.54 for the year 1947, and $2,787.42 for the year 1948. After protest, denial thereof and payment of the taxes as assessed, and the filing of claims for refund and the denial of the same, the taxpayer filed this action.

Property held by a taxpayer primarily for sale to customers in the ordinary course of his trade or business is expressly excluded from the statutory definition of capital assets. Section 117(a) (1), Internal Revenue Code of 1939, 26 U.S.C.A. § 117(a) (1). Whether property sold by a taxpayer comes within the scope of this exception is essentially a question of fact to be determined from the facts of each case. Stockton Harbor Industrial Co. v. Commissioner, 9 Cir., 216 F.2d 638, 650, certiorari denied 349 U.S. 904, 75 S.Ct. 581, 99 L.Ed. 1241; Cohn, v. Commissioner, 9 Cir., 226 F.2d 22, 24.

The Court of Appeals for the Ninth Circuit has declared that the facts necessary to create the status of one engaged in a "trade or business" revolve largely around the frequency or continuity of the transactions claimed to result in a "business" status. Ehrman v. Commissioner, 9 Cir., 120 F.2d 607, 610. In Rollingwood Corporation v. Commissioner, 9 Cir., 190 F.2d 263, at page 266, the Court of Appeals stated as follows:

"While the purpose for which the property was acquired is of some weight *the ultimate question is the purpose for which the property is held.* Richards v. C. I. R., 9 Cir., 81 F.2d 369, 106 A.L.R. 249. Most of the cases dealing with the problem of whether property is held primarily for sale to customers in the ordinary course of trade or business involve situations where the taxpay-er is engaged in some activity apart from his usual occupation and the question is whether this activity amounts to a business. *The test normally applied in these situations is the frequency and continuity of the transactions claimed to result in a trade or business.* Applying that test to the facts of the instant case we have no difficulty in finding support in the record for the finding that Rollingwood is in the business of selling real property." (Emphasis added.)

See, also: Palos Verdes Corp. v. United States, 9 Cir., 201 F.2d 256, 258–259; Stockton Harbor Industrial Co. v. Commissioner, supra.

When the standard provided by the Ehrman case is applied to the facts in the case at bar, it is clear that the taxpayer was in the business of selling real property. She made her first sale approximately five weeks after receiving the gift deeds from her parents, participated in seven real estate transactions during an eleven-month period, and sold a total of 108½ lots, as well as an entire city block, for a net gain of $22,098.75. This property was not capital assets within the meaning of § 117 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117, and the Internal Revenue Service correctly treated the gains from the said sales as ordinary income.

"The capital gains provisions are remedial provisions. Congress intended to alleviate the burden on a taxpayer whose property has increased in value over a long period of time from having the profits from sales taxed at graduated tax rates designed for a single year's income. The purpose is to protect 'investment property' as distinguished from 'stock in trade,' or property bought and sold for a profit. It is our view that this policy was not meant to apply to a situation where one of the essential purposes in holding the property is *sale.*" Rollingwood Corporation v. Commissioner, supra.

The taxpayer has the burden of proving that the particular properties sold during 1947 and 1948 were held primarily for investment rather than primarily for sale. Cohn v. Commissioner, supra. She has not met that burden. The recovery sought is, therefore, denied.

Counsel for defendant may prepare findings of fact, conclusions of law and a proposed judgment, serve copies thereof upon counsel for the plaintiff and submit originals to the Court for its approval.