ALFRED KRUSE AND DOROTHY G. KRUSE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64599.    Filed December 19, 1957.

*Karl F. Herrmann, Esq.*, for the petitioners.
*Donald W. Wolf, Esq.*, for the respondent.

#### OPINION.

FISHER, *Judge:* Respondent determined a deficiency in income tax of petitioners for the year 1954 in the amount of $186.58. The basic issue is whether a loss suffered in 1952 on foreclosure sale of a theater building was an ordinary loss deductible only for 1952 or whether it was a capital loss permitting a carryover to the year 1954 (subject to statutory limitations in amount) under the provisions of section 117 (e) (1).

All of the facts are stipulated and are incorporated herein by this reference.

The petitioners are husband and wife with residence at Minneapolis, Minnesota. For the taxable year ended December 31, 1954, petitioners filed a joint income tax return with the district director of internal revenue for the district of Minnesota.

Petitioners, in 1950, constructed a theater building at Lake Lillian, Minnesota. The property was encumbered by a mortgage dated May 11, 1950, in the amount of $10,000, executed by the petitioners. Petitioners thereafter operated the theater building as a business enterprise until March 1952. In their Federal income tax return for the calendar year 1952, petitioners took a deduction for depreciation from January 1 to September 30. On July 7, 1951, the mortgagee served notice of mortgage foreclosure sale upon petitioners and began foreclosure of the above mortgage. After publication of the notice, a foreclosure sale was held on August 7, 1951, and a sheriff's certificate of sale was issued. There was a full compliance with the applicable provisions of the Minnesota statutes relating to foreclosure of a real

estate mortgage. The right of redemption expired on August 7, 1952, and petitioners did not redeem the property.

The respondent determined that the loss on foreclosure was not a capital loss and that petitioners are not entitled to a capital loss carry-over to 1954.

It is clear that the property was not a capital asset within the meaning of section 117 (a) (1) (B) of the Internal Revenue Code of 1939 at least from the time the theater was built until March 1952. Petitioners, of course, bear the burden of proving any subsequent change in the character of the asset. There is nothing in the stipulation of facts establishing the use, if any, of the property between March 1952 and the date of culmination of the foreclosure proceeding. Petitioners take the position that the property was not used as business property at the time of sale and had not been a business venture for over 6 months prior to the loss. Assuming, *arguendo*, that petitioners' position is supported by facts included in the stipulation (although we find nothing but their contention to that effect), we must nevertheless hold for respondent. We think there can be no doubt that mere discontinuance of the active use of the property does not change its character previously established as business property. In this connection, in *Solomon Wright, Jr.*, 9 T. C. 173 (1947), in which respondent took the other view, we said, in part (p. 174) :

The definition of a capital asset excludes "real property used in the trade or business of the taxpayer." The Commissioner takes the narrow position that the land was not used in the taxpayer's business of renting property after the house was destroyed, but, thereafter, was merely property held as an investment and, consequently, a capital asset. He attempts to distinguish cases in which a rental property consisting of a house and lot is sold as a unit while being rented. The petitioner tried to sell the lot promptly after the house was destroyed. He sold it as soon as he was able to obtain a fair price. Its character as real property used in his business was not lost and did not change under the facts as stipulated. * * *

In *Carter-Colton Cigar Co.*, 9 T. C. 219 (1947), referring to *Solomon Wright, Jr.*, *supra*, we said (p. 221) :

In that case [the *Wright* case] the real estate involved had ceased to be actively used in the taxpayer's business, *since his business had ceased*, yet we held it nevertheless not to be a capital asset. [Emphasis supplied.]

See also *Kittredge* v. *Commissioner*, 88 F. 2d 632 (C. A. 2, 1937) ; *P. Dougherty Co.*, 5 T. C. 791, 795 (1945).

Petitioners offer no convincing reasons for departure from the principles established in the foregoing cases.

We hold, therefore, that assuming petitioners' contention is supported by the stipulation of facts, nevertheless the property in question must be deemed to have been used in petitioners' business and was not

a capital asset. It follows that the loss was not a capital loss, and petitioners, who were entitled to deduct the full amount of their loss in 1952, are not entitled to any capital loss carryover to 1954 under the provisions of section 117 (e) (1).

*Decision will be entered for the respondent.*