*Decision will be entered under Rule 50.*

JAMES E. AND WANDA KESICKI, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77682. Filed June 30, 1960.

*James Powers, Esq.*, for the petitioners.
*Edward A. Tonjes, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* The question for decision is whether the profit petitioner realized from the sale in 1955 of the unimproved land is ordinary income or capital gain.

Respondent's position is that the land was not a capital asset by reason of section 1221 of the Internal Revenue Code of 1954,[1] which excludes from the definition of capital assets "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." He does not contend that the vacant land was "real property used in [petitioner's] trade or business."

Petitioner admits that he was in the business of buying vacant properties, erecting buildings thereon in accordance with specifications of the buyers, and selling the improved properties to the respective buyers; that he acquired the land in question for the purpose of erecting a building thereon and selling the improved property to Shallenberger and had the transaction been consummated any net profit realized by petitioner would have been ordinary income.

Petitioner contends, however, that because he was unable to complete the transaction when it was ascertained his customer, Shallenberger, could not finance the purchase, petitioner was left holding the vacant land; that he was not in the business of buying and selling unimproved land; that he solicited no one to purchase the property; that it was sold to an unsolicited buyer; that it was the only unim-

---

[1] SEC. 1221. CAPITAL ASSET DEFINED.

For purposes of this subtitle, the term "capital asset" means property held by the taxpayer (whether or not connected with his trade or business), but does not include—

(1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;

(2) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 167, or real property used in his trade or business;

proved land he had sold; and that the buyer was not a customer of petitioner.

The property was acquired by petitioner in connection with his business. After acquiring the property he took steps that were related to his business of improving the property. In the course of his business he obtained necessary building permits, paid an architect to prepare plans and specifications for constructing a building, and caused some work to be done on the property preliminary to laying the foundation for the building. Even after the construction was stopped petitioner continued to hold the property for the purpose originally intended. He placed a sign on the land showing his name and business which offered "Will build to suit." He was willing to sell at any time he received a suitable offer. At the time he sold the land he was holding the property for sale to customers in the ordinary course of his business. The fact that he did not sell "a completed package" is not material. The character of the property was not changed by the failure to carry out the original plan. Cf. *Alice E. Cohn*, 21 T.C. 90, affd. 226 F. 2d 22. See *Solomon Wright, Jr.*, 9 T.C. 173; *Carter-Colton Cigar Co.*, 9 T.C. 219. Respondent is sustained.

*Decision will be entered under Rule 50.*