LELAND HAZARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8690. Promulgated July 16, 1946.

*William Wallace Booth, Esq.*, and *Sidney B. Gambill, Esq.*, for the petitioner.

*Homer F. Benson, Esq.*, for the respondent.

## OPINION.

LEECH, *Judge*: The sole question presented is the extent the loss of $6,844.92 sustained by the petitioner, an attorney at law, on the sale of his former residence in Kansas City, is deductible for income tax purposes. Petitioner contends that the total net loss is deductible under section 23 (e) (1) of the Internal Revenue Code as a "* * * [loss] sustained during the taxable year and not compensated for by insurance or otherwise * * *." The respondent determined the property in question was a capital asset, on the ground that it was not used in petitioner's trade or business, and therefore restricted the deductible loss on its sale in accordance with the limitations provided in section 117 of the code, as amended by the Revenue Act of 1942. Prior to the Revenue Act of 1942 the established rule followed by this and other courts over a long period was

that residential improvements on real estate converted into income-producing property are property "used in the trade or business of the taxpayer," regardless of whether or not he engaged in any *other* trade or business, and are therefore excluded from the definition of "capital assets" as defined by section 117 (a) (1). *John D. Fackler,* 45 B. T. A. 708 (and cases therein cited); affd., 133 Fed. (2d) 509; *N. Stuart Campbell,* 5 T. C. 272; *George S. Jephson,* 37 B. T. A. 1117. The undisputed facts bring the instant case within that rule. Thus, unless the amendments contained in the Revenue Act of 1942 require a change in the rule, the petitioner's position must be upheld.

While the Revenue Act of 1942 amended section 117 in several respects, those here material are contained in section 151 (a) and (b) of the act,[1] made applicable by section 101 to taxable years beginning after December 31, 1941. Section 151 (a) excludes from the definition of capital assets "real property used in the trade or business of the taxpayer." The purpose of this amendment was to obviate the difficulty of allocating the capital gains and losses between the land and buildings; the land theretofore having been treated as a capital asset and the improvements as noncapital assets.[2] We find nothing

---

[1] SEC. 151. REAL PROPERTY; INVOLUNTARY CONVERSION; ETC.

(a) REAL PROPERTY NOT TREATED AS CAPITAL ASSET.—Section 117 (a) (1) (relating to the definition of "capital assets") is amended by inserting immediately before the semicolon at the end thereof a comma and the following: "or real property used in the trade or business of the taxpayer".

(b) GAINS AND LOSSES FROM INVOLUNTARY CONVERSION AND FROM THE SALE OR EXCHANGE OF CERTAIN PROPERTY USED IN THE TRADE OR BUSINESS.—Section 117 (relating to capital gains and losses) is amended by inserting at the end thereof the following new subsection :

"(j) GAINS AND LOSSES FROM INVOLUNTARY CONVERSION AND FROM THE SALE OR EXCHANGE OF CERTAIN PROPERTY USED IN THE TRADE OR BUSINESS.—

"(1) Definition of Property Used in the Trade or Business.—For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

"(2) General Rule.—If, during the taxable year, the recognized gains upon sales or exchanges of property used in the trade or business, plus the recognized gains from the compulsory or involuntary conversion (as a result of destruction in whole or in part, theft or seizure or an exercise of the power of requisition or condemnation or the threat or imminence thereof) of property used in the trade or business and capital assets held for more than 6 months into other property or money, exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets. For the purposes of this paragraph :

"(A) In determining under this paragraph whether gains exceed losses, the gains and losses described therein shall be included only if and to the extent taken into account in computing net income, except that subsections (b) and (d) shall not apply.

"(B) Losses upon the destruction, in whole or in part, theft or seizure, or requisition or condemnation of property used in the trade or business or capital assets held for more than 6 months shall be considered losses from a compulsory or involuntary conversion."

[2] H. Rept. No. 2333, 77th Cong.. 1st sess., on Revenue Act of 1942.

in this amendment indicative of an intent by the Congress to change the rule established by the *Fackler* case, *supra.* Section 151 (b) of the 1942 Act added the new subsection (j), covering, as its title indicates, "Gains and Losses From Involuntary Conversions and From the Sale or Exchange of Certain Property Used in the Trade or Business." This section provides for special treatment where gains exceed losses from involuntary conversions and from the sale of certain property used in a trade or business. Such gains are treated as capital gains. This is a relief provision for the benefit of such taxpayers as come within its provisions.[3] Losses in excess of gains in respect to such property are still treated as ordinary losses allowable in full. We, therefore, find nothing in subsection (j), or any other amendment contained in the 1942 Act, which indicates to us that Congress intended that real estate such as here involved, which at the time of its sale was devoted to producing income, and on which depreciation was allowed under section 23 (1), should be treated as a capital asset, except under the special circumstances contained in section (117) (j), which are not present in the instant case. The respondent refers us to a portion of Regulations 111, section 29.117-1, which provides:

* * * Property held for the production of income, but not used in a trade or business of the taxpayer, is not excluded from the term "capital assets" even though depreciation may have been allowed with respect to such property under section 23 (1) prior to its amendment by the Revenue Act of 1942. * * *

The property here, however, was "used in the trade or business of the taxpayer." The quoted regulation, by its terms, specifically excludes such from its purview. We conclude that petitioner's Kansas City real estate, formerly occupied as his residence, was not a "capital asset" at the time of its sale.[4] Petitioner is, therefore, entitled to a deduction for the total net loss of $6,844.92, as an ordinary loss under section 23 (e) of the Internal Revenue Code.

The petition also assigns as error the disallowance as a deduction of the sum of $185 paid to the Duquesne Club of Pittsburgh for membership dues. No evidence was offered and petitioner's brief does not discuss that issue. It is deemed abandoned and the respondent's disallowance of said amount is sustained.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DISNEY and OPPER, *JJ.*, did not participate in the consideration of or decision in this report.

---

[3] S. Rept. No. 1631, 77th Cong., 2d sess.; H. Rept. No. 2586, 77th Cong., 2d sess. (conference report).

[4] See Harvard Law Review, Nov. 1945, p. 119.