M. T. Thomas v. Commissioner.
Thomas v. Commissioner
Docket No. 8858.
United States Tax Court
1946 Tax Ct. Memo LEXIS 80; 5 T.C.M. (CCH) 805; T.C.M. (RIA) 46222; September 17, 1946
Richard H. Crook, C.P.A., 1530 Chestnut St.,Philadelphia, Pa., for the petitioner. Stanley L. Drexler, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income and victory tax for the year 1943 in the amount of $5,506.18. *81 The only question is whether property which petitioner sold in 1943 constituted a capital asset within the meaning of section 117 (a) of the Internal Revenue Code. Petitioner filed his return with the collector for the twenty-third district of Pennsylvania. Findings of Fact Petitioner resides in Warren, Pennsylvania. In 1924, petitioner purchased a seven room house in Erie, Pennsylvania for use as a dwelling, referred to hereinafter as the Erie property. He used this property as his residence from the date of acquisition until June 1, 1936. On June 1, 1936, petitioner moved to Warren, Pennsylvania. He purchased a residence in Warren where he has resided continuously. In 1943, the Erie property was sold, and petitioner sustained a loss on the sale in the amount of $4,940. The Erie property was rented in 1942 and 1943. The rents received in 1942 totalled $600, and the rents received in 1943 totalled $350. The monthly rent received was $50 per month. Respondent allowed petitioner a deduction of $1,000, limiting the loss deduction in accordance with section 117 (d). This determination is founded upon respondent's holding that the Erie property was *82 a capital asset, as defined in section 117 (a) of the Internal Revenue Code. Petitioner is president of Thomas Flexible Coupling Co., of Warren, Pennsylvania. His total gross income for 1942 and 1943 amounted to $29,584 and $35,693, respectively. In both years his income was derived chiefly from his salary; he received other income consisting of dividends and interest. The rent which he received from the Erie property was a minor item of income. He did not receive rent from any other property. Petitioner took deduction for depreciation and expenses of the Erie property in his return for 1942, so that he reported only net rental receipts of $341, after deducting $240 depreciation and $19 expenses from the gross rents received of $600. The depreciation deduction was allowed. In the computation of the amount of the loss sustained upon the sale of the Erie property, total depreciation of $1,620 was allowed, resulting in the figure of $4,940 as the net loss incurred. Opinion The only question presented is whether loss on the sale of the Erie property was a capital loss, subject to the capital loss limitations as provided in section 117 of the Internal Revenue Code *83 , or an ordinary loss, deductible in full under the provisions of section 23(e). Petitioner, contending that the property was not a capital asset, and that it was "used in the trade or business of the taxpayer," relies upon N. Stuart Campbell, 5 T.C. 272; Quincy A. Shaw McKean, 6 T.C. 757; and Fackler v. Commissioner, 133 Fed. (2d) 509, affirming 45 B.T.A. 708. Respondent has held that the Erie property was not used in any trade or business of the taxpayer, and that it was a capital asset, and that the loss was a capital loss. He argues that petitioner has not overcome the prima facie correctness of the determination that the property was not used in any trade or business of the taxpayer. This Court recently considered the same question in Leland Hazard, 7 T.C. 372. The facts in that case were the same as in this case. In the Hazard case, respondent advanced precisely the same argument as he has made in this case. It was held that the rule still stands that "residential improvements on real estate converted into income-producing property are property 'used in the trade or business of the taxpayer' regardless of whether *84 or not he be engaged in any other trade or business, and are therefore excluded from the definition of 'capital assets' as defined by section 117 (a)(1)." The case of Leland Hazard controls the question presented. The Erie property was "used in the trade or business of the taxpayer." It is held that the loss incurred upon the sale of the property was an ordinary loss under section 23 (e) of the Internal Revenue Code. It is deductible in the entire net amount of $4,940. Decision will be entered for the petitioner.