## CLAUDE PATTERSON NOBLE, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8782.    Promulgated October 14, 1946.

*Hughes Roberts, Esq.*, for the petitioner.
*D. D. Smith, Esq.*, for the respondent.

964

OPINION.

LEECH, *Judge*: Petitioner contends that the $3,600 annual salary paid to her husband for services rendered in each of the years 1942 and 1943 is deductible in each of those years either as a business expense under section 23 (a) (1) (A), or as a nonbusiness expense under section 23 (a) (2) of the Internal Revenue Code. Respondent contends only that part or all of these salaries are not so deductible because they are not ordinary or necessary. Under these circumstances it is unnecessary for us to consider the question of reasonableness.

The first inquiry is upon the question of whether such portion of the salary paid by the petitioner to her husband as may be allocable to the services rendered by him in managing and collecting rents from her real estate, constituted business expenses deductible by her. The answer to this question turns on whether petitioner, in her ownership and operation of those properties for the production of income, was "carrying on business." The established rule is that such ownership and operation do constitute the "carrying on of business." *John D. Fackler*, 45 B. T. A. 708; affd., 133 Fed. (2d) 509; *George S. Jephson*, 37 B. T. A. 1117; *N. Stuart Campbell*, 5 T. C. 272; *Kay Kimbell*, 41 B. T. A. 940; *Edwin Vosburgh*, 23 B. T. A. 780. In *John D. Fackler, supra*, after reviewing the authorities, we said:

The rule deducible from the above decisions is that, where the owner of depreciable property devotes it to rental purposes and exclusively to the production of taxable income, the property is used by him in a trade or business and depreciation is allowable thereon. * * *

Our most recent case in point on this question is *Leland Hazard*, 7 T. C. 372. In that case we held that a residence owned and formerly occupied by an attorney, but which had been rented by him to a tenant for several years, was property used by him in trade or business.

We hold that petitioner in her ownership and operation of properties rented for the production of income was carrying on business, and that the compensation paid by her to her husband for ordinary and necessary services in managing such properties and collecting rentals constituted business expenses. Sec. 23 (a) (1) (A), I. R. C.

It may also be said that if we had been unable in the present case to hold that these properties were used by petitioner in carrying on business, the only possible alternative result would be that compensation was a "nonbusiness expense," as one incurred in the "management, conservation, or maintenance of property held for the production of income." Sec. 23 (a) (2), I. R. C.

As to that part of the compensation paid for the service rendered by petitioner's husband in his participation in the management of the partnership business of H. M. Patterson & Son and the Family Fund Life Insurance Co., the answer is equally clear. Petitioner was a partner in the firm of H. M. Patterson & Son and this partnership was the owner of one-third of the stock in the insurance company. A partnership, of course, is not a taxable entity as is a corporation. But its several members are. Thus petitioner's individual activities in carrying on this partnership through her husband we think constituted the carrying on of a business. Cf. *Alfred Le Blanc*, 7 B. T. A. 256. It would follow that an ordinary and necessary expense thereof is deductible under section 23 (a) (1) (A).

We think that the expense in question was both ordinary and necessary. In the carrying on of business it is a usual and customary procedure to employ and pay for trained services which benefit and increase the earnings thereof. Here the necessity for this expenditure by petitioner is demonstrated by the fact that she lacked any training or experience in business affairs.

Since, therefore, we have decided that the salaries, *in toto*, giving rise to the present controversy were ordinary and necessary, under section 23 (a) (1) (A) of the code, it becomes unnecessary to allocate the amounts thereof as between those paid for the services of the husband in connection with the real estate of the petitioner and those relating to her partnership interest.

This brings us to the question as to whether petitioner is entitled, for the years 1942 and 1943, to deduct payments made her husband for services rendered in those years. The petitioner reported her income on the cash basis. She has never received permission to change to the accrual basis. Her deductions, accordingly, must be taken on the cash basis. *East Coast Motors, Inc.*, 35 B. T. A. 212; Regulations 111, sec. 29.41-2. No payment was made in 1942 by petitioner to her husband for his services, but the payment for services rendered in that year was made in 1943. Likewise the payment for 1943 services was not made until February 1944. It is argued that the custom was that petitioner's husband prepare all checks for her signature and that had he seen fit to do so, he could have received payment of the full amount of the salary at the close of each year for which the service was rendered. Thus it is said to follow that petitioner constructively paid and her husband constructively received payment of the salary for 1942 and 1943 at the close of each of those years. The fact remains, however, these checks were not prepared, signed, or delivered until after the close of those respective years. Accordingly there was no such payment or receipt in either case until after the close of the year. *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S.

269; *Martinus & Sons* v. *Commissioner*, 116 Fed. (2d) 732; *Cox Motor Sales Co.*, 42 B. T. A. 192; *Sanford Corporation* v. *Commissioner*, 106 Fed. (2d) 882.

It follows that petitioner is not entitled to a deduction in 1942 for the salary of $3,600 paid to her husband for services rendered in that year. She is, however, entitled to the deduction of this amount for the year 1943, since the payment for 1942 was actually made on March 4, 1943. The fact that the services for which this payment was made were rendered earlier than the year of payment is not material. *Lucas* v. *Ox Fibre Brush Co.*, 281 U. S. 115.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

HARRON, *J.*, dissenting: The majority conclusion is that petitioner was engaged in business. This means, as I understand the conclusion, that she was engaged in two separate businesses, because the Forsyth Street property had no relation to the H. M. Patterson undertaking business. I understand, also, that the deduction claimed is allowed as a deduction for salary under section 23 (a) (1) (A). I must respectfully dissent from the view that the issue presented does not necessitate considering the question of the reasonableness of the salary. Respondent clearly contends, on brief, that the sum in question, $3,600, must be allocated to each class of service given by Noble. I understand this contention to mean that petitioner must show what respective amounts represent a reasonable allowance for compensation for services given to the Forsyth Street property and to the undertaking business. The pertinent section provides that only a reasonable allowance for compensation for services is deductible.

Petitioner has failed to allocate the total amount of the salary between the two businesses she claims to have been conducting, and she has failed to show what the reasonable compensation for the service given to each business was. If this Court can make the determination of the respective allowances, it should do so. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.

The record falls short of showing clearly what Noble's services were worth in the business of renting the office building, for he did little more than collect two-thirds of the rents. An agent, Adams-Cates Co., was employed to collect the remainder of the rents. The most minor repairs were made in the taxable years, costing $36 and $22, and no new leases were made (the evidence showing only that Noble negotiated some new leases in 1946). Noble collected about $4,000 of rents in each taxable year. The question which I think must be decided is, What constitutes reasonable compensation for the services performed. under the facts?

The same question needs to be answered with respect to Noble's work relating to the business of H. M. Patterson & Son in the taxable years. The record does not show clearly what Noble did in the taxable years in looking after the interest of petitioner in the partnership. It shows only that he gave some "advice," the nature of which is not stated; and that he attended some meetings of stockholders or directors of the Family Fund Life Insurance Co., the number of meetings not being shown. The evidence is general and vague on the point of just what Noble did in the taxable years to look after petitioner's interest in H. M. Patterson & Son and Family Fund Life Insurance Co., and upon such limited evidence it would be difficult to determine what constituted a reasonable allowance for such services.