Almy Gilford v. Commissioner.
Gilford v. Commissioner
Docket No. 29641.
United States Tax Court
1952 Tax Ct. Memo LEXIS 311; 11 T.C.M. (CCH) 175; T.C.M. (RIA) 52049; February 27, 1952
*311 Petitioner inherited a fractional interest in improved real estate as tenant in common with her sisters. The property was rented through a management agent and was sold in 1944 at a loss. Held, petitioner and her sisters were not partners in operation of the property and petitioner's loss was an ordinary loss. Harry Friedman, Esq., 540 Munsey Bldg., Washington, D.C., for the petitioner. Charles M. Greenspan, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency in income tax for 1945 in the amount of $6,295.02, arising out of the disallowance of a claimed long-term capital loss carry-over from 1944. The loss arose from a sale of real property in 1944. The amount is not in dispute. The sole issue is whether the loss was capital or ordinary. [The Facts] Petitioner is an individual residing at 316 Lexington Avenue, New York, New York. Her returns for the calendar years 1944 and 1945 were filed with the collector of internal revenue for the second district of New York. John P. Gilford, the petitioner's father, at the time of his death on December 7, 1928, owned in fee a property *312 located at 724 Third Avenue, New York, New York, and a one-third interest as a tenant in common of properties located at 720-722 Third Avenue, New York, New York. The petitioner in 1928 acquired, under the will of her father, a one-eighth interest in the estates owned by her father in such properties and on June 26, 1943, acquired an additional one-eighth interest in such estates in the properties as remainderman of a testamentary trust established by the will. The petitioner's uncle, Thomas B. Gilford, at the time of his death on January 23, 1931, owned in fee properties known as 730, 732, and 734 Third Avenue, New York, New York, and a one-third interest as a tenant in common of the properties located at 720-722 Third Avenue, New York, New York. The petitioner, as of September 8, 1933, as remainderman of a testamentary trust established by the will of her uncle, Thomas B. Gilford, acquired a one-fourth interest in the estates owned by her uncle in the properties at the time of his death. Each of petitioner's sisters, Lentilhon Gilford Fluegge and Marion Gilford Kunhardt, and Winthrop Gilford Slade, acquired similar interests in such properties and estates at the same times *313 as petitioner. The several owners agreed upon a sale of the properties as a unit and on January 27, 1944, entered into an agreement of sale with the General Realty & Utilities Corporation, for conveyance of all the right, title, and interest of the sellers in the properties, the interest of the sellers being therein stated to be owners of the fee as to two parcels and two-thirds interest in the fee as to a third parcel. Upon her original federal income tax return for the year 1944, the petitioner reported a net loss of $126,458.52, as an ordinary loss deductible in full, as a result of the sale, using a basis of $153,159.26. The petitioner filed an amended federal income tax return for the year 1944 treating her loss on the above sale as a capital loss, using a basis of $157,979.29, reporting a long-term capital loss of $130,358.36. Petitioner's application of this claimed capital loss carry-over in the return for the year 1945 led to the assertion of the deficiency in question. The fractional interests of petitioner and all the other owners of fractional interests were by agreement of the owners placed in the hands of a real estate firm for management of the entire block as *314 a unit, each of the owners executing identical written authority to the real estate agent. The real estate agent rented the properties, kept accounts for each parcel on which was shown the location of the property, the rents received, the expenses applicable thereto, the net rents, and the division of such net balance to the owners of the fractional interests in accordance with their ownership. Petitioner's total income from this Third Avenue property was $703.27 in 1944. She also owned an interest in a South Street property. The properties were improved. There were eight separate buildings on eight pieces of land. The ground floors were occupied by stores, and the upper floors of seven of the buildings were rented as apartments. One was closed above the ground floor as not complying with the multiple dwelling ordinance. [Opinion] The rule is well settled that improved real property rented for the production of income is "property used in the trade or business" of the taxpayer, regardless of whether the taxpayer is engaged in any other trade or business and whether more than one piece of property is involved. Such property, therefore, is not a capital asset of the taxpayer *315 within the meaning of section 117 (a) (1) of the Internal Revenue Code. Fackler v. Commissioner, 133 Fed. (2d) 509, affirming 45 B.T.A. 708; Leland Hazard, 7 T.C. 372. The case of Susan P. Emery, 17 T.C. 308, cited by petitioner to the contrary, is not in point. There the property was not improved and the owners permitted its sale for delinquent taxes. We concluded that it was not used in the trade or business of the owners. Petitioner contends, however, that the joint ownership and operation of the fractional interests in the Third Avenue block front constituted a partnership or joint venture, within the definition in section 3797 (a), Internal Revenue Code; that the partnership property was sold at a loss and that the loss to petitioner, being a loss on the sale of an interest in a partnership, was a capital loss. Petitioner says that she and her sisters consulted together many times with reference to the management and use of the buildings, considered razing the buildings to make a parking lot, discussed various offers by prospective purchasers, and finally agreed upon acceptance of the offer of the General *316 Realty & Utilities Corporation.
There was no written agreement between the sisters. They did not file partnership returns showing the income of this alleged partnership. They are not partners solely by their tenancy in common of the property. Tenants in common may by agreement contribute their interests to a partnership or joint venture, but the agreement here between the sisters is nothing more than to appoint an agent for management and collection of rents and for effecting a sale at a satisfactory price. The sisters did only what was essential to derive income from the properties as co-owners. This does not amount to a partnership agreement. In Estate of Edgar S. Appleby, 41 B.T.A. 18, affirmed 123 Fed. (2d) 700, it was held that two brothers who owned property as tenants in common and leased it to tenants were not partners. In N. Stuart Campbell, 5 T.C. 272, we held a loss on the sale of a building by two co-owners who inherited the property and placed it with an agent for sale or rental, as in the present case, was an ordinary loss. The idea that there could have existed a partnership between the co-owners was not suggested. We conclude *317 that there was no partnership between petitioner and her sisters with respect to the property. The loss was an ordinary loss, deductible in full in 1944. Hence, petitioner had no capital loss carryover to 1945 and the respondent's determination was correct. Decision will be entered for the respondent.