M. A. PAUL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29798.    Promulgated June 23, 1952.

*Leonard Shapiro, Esq.*, for the petitioner.
*Fortescue W. Hopkins, Esq.*, for the respondent.

602

OPINION.

Arundell, *Judge:* The broad issue before us is whether the petitioner's gain of $66,329.91 on the sale of an apartment building[1] is taxable as a capital gain or as ordinary income. The respondent argues that the building was not a capital asset but was instead

---

[1] The respondent allocated $10,691.71 of the gain on the sale of both the building and land to the land and has taxed that gain at capital gains rates. The petitioner does not question the accuracy of the allocation and raises no issue as to the gain allocated to the land.

depreciable property which the petitioner "used in his trade or business," section 117 (a) (1) (B), Internal Revenue Code, and, further, that the capital gains provisions of section 117 (j)[2] are not applicable because the building was not held for more than 6 months.

The evidence clearly establishes that the building, a depreciable asset, was property which the petitioner "used in his trade or business." Section 117 (a) (1) (B). The petitioner admitted he constructed the apartment building with the intention of renting the apartments and that the apartments were rented during the time he held the building. For the taxable year in question, the petitioner reported $5,382 as rental income from the apartment building and claimed $667.50 as operating expenses incurred in the collection of rental income.

The fact that the petitioner was primarily engaged in another trade or business does not negative the fact that the building was "used in his trade or business." A taxpayer may be engaged in more than one trade or business. *Fackler* v. *Commissioner*, 133 F. 2d 509, affirming 45 B. T. A. 708; *John E. Good*, 16 T. C. 906; *Leland Hazard*, 7 T. C. 372. We therefore hold that the building was not a capital asset. Section 117 (a) (1) (B), Internal Revenue Code.

The second question before us is whether the gain on this noncapital asset is taxable as capital gain under the provisions of section 117 (j) of the Code. Section 117 (j) (1) provides that "For the purposes of this subsection, the term 'property used in the trade or business' means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (l), held for more than 6 months, and real property used in the trade or business, held for more than 6 months * * *." Hence, to secure the benefits of section 117 (j), the petitioner must show that he held the property in question more than 6 months.

It has long been established that for the purposes of Federal taxation the common law rule of merger of land and buildings is inapplicable, and the two are treated separately. In affirming our

---

[2] SEC. 117. CAPITAL GAINS AND LOSSES.

* * * * * *

(j) GAINS AND LOSSES FROM INVOLUNTARY CONVERSION AND FROM THE SALE OR EXCHANGE OF CERTAIN PROPERTY USED IN THE TRADE OR BUSINESS.—

(1) DEFINITION OF PROPERTY USED IN THE TRADE OR BUSINESS.—For the purposes of this subsection, the term "property used in the trade or business" means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (l), held for more than 6 months, and real property used in the trade or business, held for more than 6 months * * *.

(2) GENERAL RULE.—If, during the taxable year, the recognized gains upon sales or exchanges of property used in the trade or business * * * exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months. * * *

holding on this point, in *Helen M. Dunigan, Administratrix*, 23 B. T. A. 418, the Court of Appeals of the District of Columbia pointed out, among other instances, that land and buildings are taxed separately for state tax purposes and are considered separately for depreciation purposes under Federal tax laws. *Dunigan v. Burnet*, 66 F. 2d 201.

We think the rule of the *Dunigan* case is a sound one for the purpose of determining the holding period of newly-constructed buildings. Under that rule, the holding period does not necessarily begin from the time the taxpayer acquired the land. Therefore, to mark the beginning of the holding period, we must look to another event, namely, the date the building was completed. Until that event occurs, the taxpayer has not "acquired" the building. See *McFeely* v. *Commissioner*, 296 U. S. 102, rehearing denied 296 U. S. 664, wherein the Supreme Court pointed out that "to hold property is to own it. In order to own or hold one must acquire. The date of acquisition is, then, that from which to compute the duration of ownership or the length of holding."

The petitioner concedes that the building was not completed and a substantial amount of labor and materials were still to be applied within the 6 months' period preceding the sale. However, the petitioner contends that the holding period begins not from the date of completion but from the time when he entered into contracts for the construction of the building and binding obligations accrued. In effect, the petitioner contends that the holding period began before the building came into being.

We find no merit in this unusual position. The petitioner refers us to the rule that the holding period for securities begins from the time the taxpayer "acquired an unconditional right to the shares." *W. F. Marsh*, 12 T. C. 1083. See also Regulations 111, sec. 29.117–4. Obviously this rule has no application here. The parties have stipulated that the contracts were executory. As such, they gave the petitioner no "unconditional rights." Furthermore, the tangible property in question here was not even in existence at the time the contracts were entered into. We therefore conclude that the building was not held by the petitioner for more than 6 months prior to the sale.

The building was a depreciable noncapital asset that was not held for more than 6 months prior to the sale and the gain on the sale is taxable as ordinary income. Sections 117 (a) (1) (B), 117 (j), and 22 (a).

*Decision will be entered under Rule 50.*