THE CONSTITUTION PUBLISHING COMPANY, BY ATLANTA NEWSPAPERS, INC., SUCCESSOR ON CONSOLIDATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ATLANTA NEWSPAPERS, INC., ALLEGED TRANSFEREE OF THE CONSTITUTION PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34234, 34235. Promulgated September 21, 1953.

*Allen Post, Esq.*, and *William P. McClure, Esq.*, for the petitioners. *James Harper, Esq.*, for the respondent.

OPINION.

Rice, *Judge:* In determining gain from the sale of property acquired prior to March 1, 1913, section 113 (a) (14) [1] of the Internal Revenue Code provides that the basis of the property shall be (1) the fair market value on March 1, 1913, or (2) the adjusted basis as determined under section 113 (b), whichever is the higher.

For purposes of computing the amount of capital gain realized on the sale of Constitution's business property acquired in 1899, petitioner seeks to use the March 1, 1913, fair market value for the land, but the adjusted cost basis for the building.

The question for decision is whether such land can be separated from the building so that a different basis may be applied to each in determining the proper amount of capital gain realized on the sale of the whole property.

The common law identified land and fixtures or improvements thereon as a single asset, in the absence of specific agreement to the contrary. See *Kinkead* v. *United States*, 150 U. S. 483 (1893) ; *Kutter* v. *Smith*, 2 Wallace 491 (1864). For purposes of Federal taxation, however, the rule of the merger of land and buildings, in many instances, has been held to be inapplicable; and the two are treated separately. *Helen M. Dunigan, Administratrix*, 23 B. T. A. 418 (1931), aff'd. 66 F. 2d 201 (1933).

There have been, we think, sound reasons for not adhering to the common law doctrine. Land cannot be depreciated; hence, a separation is required to allow depreciation for buildings situated thereon

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

     *       *       *       *       *       *       *

(14) PROPERTY ACQUIRED BEFORE MARCH 1, 1913.—In the case of property acquired before March 1, 1913, if the basis otherwise determined under this subsection, adjusted (for the period prior to March 1, 1913), as provided in subsection (b), is less than the fair market value of the property as of March 1, 1913, then the basis for determining gain shall be such fair market value. In determining the fair market value of stock in a corporation as of March 1, 1913, due regard shall be given to the fair market value of the assets of the corporation as of that date.

which are subject to depreciation. Regs. 111, sec. 29.23 (1)–4. Mineral resources are recognized as an asset separate and distinct from the land in which they are found, and section 23 (m) of the Code provides that allowance be made for their depletion. Likewise, a separation of land and building is necessary when the structure is voluntarily removed or demolished. Regs. 111, sec. 29.23 (e)–2.

In addition to these instances, this and other courts insist on a separation of land and other assets located thereon to determine the character of each asset for purposes of computing capital gains where there is a sale of the whole property. *M. A. Paul*, 18 T. C. 601 (1952), remanded on other grounds 206 F. 2d 763, (C. A. 3, 1953); *Watson v. Commissioner*, 345 U. S. 544 (1953), rehearing denied 345 U. S. 1003; *Helen M. Dunigan, Administratrix, supra.*

We are persuaded that an equally sufficient reason exists to justify recognition of the separate identity of Constitution's land and building and, hence, the application to each of whichever of the two bases provided in section 113 (a) (14) will give it maximum value in computing the amount of capital gain realized on the sale of the whole property.

Without question, Constitution owned two assets—a tract of land, and a five and one-half-story building. Of the purchase price, $25,000 of the price paid was allocated as the cost of the land and $100,000 as the cost of the building. Depreciation allowance on the building was taken in all succeeding years until the time of sale. The cost of capital improvements was specifically allocated to each asset. Had the building been demolished or removed, its basis would have been determined independently of the land. Or, had Constitution sold only the land and taken a lease thereon, separate valuations of the two assets to determine their bases would have had to be made. Only upon sale of the whole property does respondent want to merge the two and call them one.

The plain language of section 113 (a) (14) is that in determining the amount of gain on the sale of "property acquired before March 1, 1913" the basis shall be its fair market value as of that date or its adjusted basis, whichever is higher.

We have found that the land here in question had a fair market value as of March 1, 1913, of $58,000, and its cost was $25,000. The building, on the other hand, had a fair market value on March 1, 1913, of $56,550; its adjusted cost basis on that date was $139,843.18; and its adjusted cost basis at the date of sale was $13,792.80.

We think the tax benefit which accrues to petitioner here, by the use of two bases, is no more than that to which it is legally entitled. The law of taxation deals with realities. To say that petitioner must apply only one of the bases provided in section 113 (a) (14) to two

assets on the fiction that they are one would be unrealistic and a distortion of the meaning of that section. We find no evidence that Congress intended to restrict the meaning of the word "property" as it applies to real estate in that section, so as to prohibit the separate valuation of land and buildings by applying to each whichever of the two bases provided in the section will give each its maximum value.

We think the petitioner has sustained the burden of proving the fair market value of the land here in question as of March 1, 1913. The appraisal of the Atlanta Real Estate Board was made by three of its members who were actively engaged in the real estate business in 1913 and who drew upon their extensive knowledge of the real estate market at that time in making their appraisal. Their opinion was supported by detailed information of comparable property, located in the same area, which was sold during the year 1913.

Our determination that petitioner is entitled to use the March 1, 1913, fair market value of $58,000 in computing the amount of capital gain realized on the sale of Constitution's business property reduces by $33,000 the amount of such gain as determined by respondent in his deficiency notice. Petitioner concedes that the amount of such gain is $11,930.99 more than reported on Constitution's 1948 return, and that figure will be used in a recomputation under Rule 50.

Having determined the only issue raised in Docket No. 34234 and the identical issue raised in Docket No. 34235 for petitioner, it is unnecessary for us to decide the additional issue raised in Docket No. 34235 of whether petitioner would be liable for any additional deficiencies determined against Constitution, as a transferee or as the principal taxpayer. It has conceded its liability for that part of the deficiency to be computed in accordance with this opinion under Rule 50 and the question as to whether it is liable therefor as a transferee or as the principal taxpayer becomes moot so far as this proceeding is concerned.

*Decision will be entered under Rule 50.*