Stephen J. Hajos and Jeanne B. Hajos v. Commissioner
Hajos v. Commissioner
Docket No. 4088-63.
United States Tax Court
T.C. Memo 1964-328; 1964 Tax Ct. Memo LEXIS 11; 23 T.C.M. (CCH) 2015; T.C.M. (RIA) 64328; December 22, 1964
Stephen J. Hajos, pro se, 6301 Chadwell Rd., Huntsville, Ala. Robert G. Faircloth, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1959, 1960, and 1961 in the amounts of $179.99, $206, and $168.51, respectively. The issues for decision are: (1) Whether the loss sustained by petitioners in 1958 upon the sale of a house, formerly their residence, which had been rented for approximately 14 months prior to the date of sale, is a capital loss, a portion of which may be carried over to subsequent years, or an ordinary loss deductible in full in the year of sale. (2) Whether the assessment or collection of deficiencies for the taxable years 1959, 1960, and 1961 is barred by the statute *12 of limitations. Findings of Fact Some of the facts in the instant case were orally stipulated and are found in accordance with such oral stipulation. Petitioners, husband and wife residing during the years 1959, 1960, and 1961 in Huntsville, Alabama, filed joint Federal income tax returns for each of those years with the district director of internal revenue at Birmingham, Alabama. In April of 1955 petitioners purchased a house at 128 Pine Drive, Annandale, Virginia, in which they lived for a while. Sometime prior to November 10, 1956, petitioners moved from this house into a home in Lakeland, Florida. Also, sometime prior to November 10, 1956, petitioners rented the house at 128 Pine Drive, Annandale, Virginia for a rental of $100 per month. At first petitioners did not intend to sell the house, but as of November 10, 1956, they were discussing the prospect of selling the house at 128 Pine Drive. Petitioners continued to rent the house at 128 Pine Drive until February 4, 1958. On March 12, 1957, petitioners wrote to an attorney in Annandale, Virginia to arrange for his assistance in the sale and settlement of the house located at 128 Pine Drive. Under date of March 27, 1957, petitioners *13 gave this attorney written authorization to proceed with the sale, and on April 23, 1957, executed a power of attorney authorizing this attorney to act on their behalf in the sale of the house and to execute all necessary instruments, documents, deeds, releases, and other papers. On March 12, 1958, petitioners entered into a contract to sell the house at 128 Pine Drive, and the final settlement on the sale was effected on April 30, 1958. The gross sales price of the house was $9,538.23, the expenses of the sale were $500, and depreciation which had previously been allowed on this house was $383.61. The cost or other basis of the house was $12,232. Petitioners therefore sustained a loss of $2,810.16 on the sale of their house at 128 Pine Drive, Annandale, Virginia. Petitioners filed their 1958 joint income tax return on April 14, 1959, and reported thereon adjusted gross income of $2,989.45. On this return petitioners reported the loss of $2,810.16 sustained on the sale of the house at 128 Pine Drive, Annandale, Virginia as a long-term capital loss, and reported no other gains or losses from the sale or exchange of property. In computing their adjusted gross income for the year *14 1958, petitioners claimed no deduction for any part of the $2,810.16 loss sustained and claimed no deduction for depreciation on their return for 1958. Petitioners' 1958 income tax return, under the designation "Schedule G. - Income from Rents and Royalties" show the following: Other
Kind and location
Amount of
Depreciation
Repairs
expenses
rent
of property
or royalty
Rental House
$ 0
$ 0
$ 0
$ 0
128 Pine Drive
Annadale, Virginia
NOTE: No rent collected. Sold Property. See Schedule D
attached. Former tenant still owes for back rent.
Petitioners filed their 1959, 1960, and 1961 income tax returns on April 12, 1960, February 27, 1961, and March 4, 1962, respectively. On their returns for each of the years 1959 and 1960 they deducted, in computing their adjusted gross income, the amount of $1,000 stated to represent a loss from the sale or exchange of a capital asset, which was shown under "Schedule D Gains and Losses from Sales or Exchanges of Property" as "Rental House 128 Pine Drive, Annandale, Virginia." For the year 1961 petitioners, in computing their taxable income, deducted the amount of $810.16 shown to be a loss *15 carryover on the sale or exchange of property. In the schedule showing gains or losses from sales or exchanges of property the amount of $810.16 was shown to be the balance of the loss carryover from the sale in April 1958 of "Rental House at 128 Pine Drive, Annandale, Virginia" with a notation that $1,000 had been deducted in 1959 and $1,000, in 1960. Petitioners, on February 18, 1963, executed a Form 872, "Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax," extending the time within which such tax might be assessed for the taxable year 1959 to September 30, 1963. This waiver was executed on behalf of respondent on February 26, 1963. On August 24, 1962, petitioners received their first notification that their income tax return for the year 1960 had been selected for examination by one of respondent's agents. On May 29, 1963, respondent mailed to petitioners a notice of deficiency for the taxable years 1959, 1960, and 1961, determining the deficiencies here in issue. In this notice of deficiency respondent disallowed the claimed capital loss of $1,000 for each of the years 1959 and 1960 and the claimed capital loss of $810.16 for the year 1961, with *16 the following explanation: It is determined that the loss of $2,810.16 sustained by you as the result of the sale of rental house located at 128 Pine Drive, Annadale, Virginia, on April 31, sic 1958, constitutes an ordinary loss for the taxable year ended December 31, 1958. Therefore, the deduction * * * claimed as a capital loss from this source in your return * * * is disallowed. Section 1231 of the Internal Revenue Code of 1954. Opinion Section 1231 of the Internal Revenue Code of 1954[1] provides that if the recognized gains on sales or exchanges of property used in a trade or business, exceed the recognized losses from such sales, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months, but if such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets. Petitioners in the instant *17 case reported no sales or exchanges of property on their 1958 income tax return other than the house at 128 Pine Drive, Annandale, Virginia. Therefore, if this house was property used in petitioners' trade or business, the loss on the sale was not a loss from the sale or exchange of a capital asset and should have been deducted in full by petitioners in computing their adjusted gross income for the year 1958, so that their adjusted gross income for that year would have been $178.39 instead of $2,989.45 which they in fact reported. Since petitioners used their house at 128 Pine Drive, Annandale, Virginia as rental property, that house was property used in their trade or business, if the rental of one house under the circumstances here present can be considered to be a trade or business. In numerous cases under facts comparable to those present in this case, this Court has held that the rental of one piece of improved real estate constitutes carrying on a trade or business. Leland Hazard, 7 T.C. 372 (1946), and Anders I. LaGreide, 23 T.C. 508 (1954). There is nothing *18 in the record in the instant case to show that the holding in those cases is inapplicable here. Therefore, we hold that petitioners' house at 128 Pine Drive, Annandale, Virginia was property used in a trade or business and the loss sustained on the sale thereof is not to be considered as a loss from the sale or exchange of a capital asset under section 1231. Petitioners' next contention is that since the investigation of their returns for the years 1959, 1960, and 1961 was commenced more than 3 years after the date of the filing of their 1958 income tax return, the statute of limitations bars the assessment of the deficiencies here in issue. Petitioners misconstrue the provisions of law with respect to the statute of limitations. Since the statute had not run with respect to the years 1959, 1960, and 1961, for which respondent determined deficiencies, the statute does not bar the assessment or collection of deficiencies for the years for which respondent determined such deficiencies, even though these deficiencies resulted from a transaction which occurred in the barred year, 1958. Lord Forres, 25 B.T.A. 125 (1932). Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩