Theodore H. Cowles, Jr. and Jean S. Cowles v. Commissioner.
Cowles v. Commissioner
Docket No. 3484-69.
United States Tax Court
T.C. Memo 1970-198; 1970 Tax Ct. Memo LEXIS 158; 29 T.C.M. (CCH) 884; T.C.M. (RIA) 70198; July 16, 1970, Filed Theodore H. Cowles, Jr., pro se, Blankenbaker Lane, Louisville,Ky. Dennis M. Feeley, for the respondent. TANNENWALD
Memorandum *159 Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $2,053.80 in petitioners' income taxes for their taxable year 1966. Because of certain concessions by the parties, the only remaining issues are the deductibility of (1) a loss sustained by petitioners on the sale of their former residence and (2) a casualty loss. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and had their legal residence in Louisville, Kentucky, at the time the petition herein was filed. They filed a joint income tax return for 1966 with the district director of internal revenue at Louisville, Kentucky. In 1958, petitioners acquired real property located in Bellevue, Washington, which they used as a residence from 1958 until June 1964. During that time, petitioner Theodore Cowles, Jr. (hereinafter Theodore) was employed by the General Electric Company as Operating Manager, Northwest. In 1964, he was transferred to Barrington, Illinois. On March 8, 1964, petitioners contracted with real estate brokers for their services in selling their Bellevue residence. On July 28, 1964, petitioners contracted with *160 other real estate brokers for their services in renting as well as selling the residence. The property remained on the market until October 11, 1966. During the intervening period, two offers for rental were received. The first was rejected because it was too low. The second was withdrawn when the prospective tenant decided instead to purchase another house. On October 11, 1966, petitioners sold the Bellevue residence for $26,000. Petitioners' cost basis at the time of both the first and second listing with the real estate brokers was $34,745. The fair market value of the property at those times was $34,500. The property was originally offered for sale at $35,500. 885 Respondent has conceded that petitioners' baggage was stolen in 1966 and that the measure of petitioners' loss, if any, was $355. By the end of 1966, petitioners no longer had any reasonable prospect of recovery of compensation for such loss through insurance or otherwise. Opinion The casualty issue having been disposed of at the trial herein in the manner reflected in our findings of fact, the sole issue remaining for decision is the deductibility of a loss suffered by petitioners on the sale of property *161 which had been their personal residence. Upon Theodore's transfer of employment in 1964, petitioners ceased to occupy the property and offered it for rent or for sale for $35,500. Petitioners' cost basis and the fair market value of the property at the time it was so offered were $34,745 and $34,500, respectively. The property was never rented (although two offers for rent were received) and it was finally sold for $26,000 in 1966. The question before us is whether the loss which petitioners suffered was sustained in a "transaction entered into for profit" within the meaning of section 165 (c)(2).[1] Petitioners contend that the fact that the property was offered for rent as well as for sale is sufficient to bring the loss within the ambit of that section. Respondent concedes that offers to rent furnish a sufficient basis to entitle petitioners to certain deductions with respect to "property held for the production of income" under sections 212 and 167. Compare Frank A. Newcombe, 54 T.C. 1298 (June 17, 1970). He nevertheless contends that mere offers to rent or sell are insufficient to meet the statutory requirement of a "transaction entered into for profit." In so *162 doing, he argues that the property was not "prior to its sale, rented or otherwise appropriated to income-producing purposes." See section 1.165-9, Income Tax Regs.
It is important to note that we do not have before us a situation where there has been an actual rental of residential property. Cf. Heiner v. Tindle, 276 U.S. 582 (1928); Leland Hazard, 7 T.C. 372 (1946). Nor do we have a situation where the taxpayer has so dealt with the property, or the arrangements with respect to its use or disposition, that he might be said to have "otherwise appropriated [it] to income-producing purposes." See Rumsey v. Commissioner, 82 F. 2d 158, 160 (C.A. 2, 1936); Andrew F. McBride, Jr., 50 T.C. 1, 8 (1968); 5 Mertens, Law of Federal Income Taxation (Malone Rev.), sec. 28.78. Concededly this case reflects some conceptual difficulties. It is not readily apparent how a mere offer to rent property is sufficient to justify a holding that it is "held for the production of income" within the *163 meaning of sections 212 and 167 but not sufficient to permit a holding that it is "otherwise appropriated to income-producing purposes" within the meaning of section 1.165-9, Income Tax Regs. But such a distinction has long been established in the decided cases. Warner v. Commissioner, 167 F. 2d 633 (C.A. 2, 1948), affirming per curiam a Memorandum Opinion of this Court; William C. Horrmann, 17 T.C. 903 (1951); E. R. Fenimore Johnson, 19 T.C. 93, 98 (1952); Mary Laughlin Robinson, 2 T.C. 305, 309 (1943); see Mertens, supra. [2] Perhaps if we were writing on a clean slate, we would be inclined to re-examine this distinction. But, in light of the foregoing decisions, as well as those hereinafter cited, we are unwilling to chart a new course. See J. K. Downer 48 T.C. 86, 90-92 (1967). Nor does the fact that the sale of the property was incident to Theodore's transfer of employment support a conclusion in petitioners' favor. Edward N. Wilson [Dec. 28,826], 49 T.C. 406, 415 (1968), reversed and remanded on other grounds 412 F. 2d 314 (C.A. 6, 1969).
*164 We hold that mere offers to sell or rent are insufficient to provide the necessary foundation for the deduction of a loss incurred in a "transaction entered into for profit," as required by section 165(c)(2). Allen L. Grammer, 12 T.C. 34 (1949); see Edward N. Wilson, supra. [3]
Decision will be entered under Rule 50. 886 Footnotes
1. All statutory references, except where otherwise indicated, are to the Internal Revenue Code of 1954, as amended.↩
2. See also Edward W. Grohse, T.C. Memo. 1968-47; Paul F. Stutz, T.C. Memo. 1965-166; Rea E. Warner [Dec. 15,822(M)], 6 T.C. Memo. 582 (1947)↩.
3. See also Melvin Rogers, T.C. Memo. 1965-8; Harry C. Welch [Dec. 26,662(M)], T.C. Memo. 1964-42; Charles A. Foehl, Jr., T.C. Memo. 1961-93; Stanley G. Paffrath, T.C. Memo. 1961-71; Otto S. Hennik, T.C. Memo. 1957-11; Wareham C. Seaman, T.C. Memo. 1955-292; Samuel A. Coykendall, Jr., T.C. Memo. 1954-210↩.