T.C. Memo. 2008-182


UNITED STATES TAX COURT



STANLEY A. COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24547-06.                    Filed July 30, 2008.



Stanley A. Cook, pro se.

<u>William J. Gregg</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


DEAN, <u>Special Trial Judge</u>:  Respondent determined a $12,104 deficiency in petitioner's 2003 Federal income tax and additions to tax of $162.67 and $93.99 under section 6651(a)(1) and (2), respectively.

Unless otherwise indicated, all section references are to the Internal Revenue Code (IRC), as in effect for the year at

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner has conceded that he received in 2003: (1) Wages of $65,662.90; (2) gross rental income of $6,450; (3) taxable dividend income of $822.26, of which $707.51 is qualified dividends; (4) $75.91 of taxable interest; (5) a capital gain distribution of $67; (6) self-employment income of $909.52; and (7) taxable individual retirement account (IRA) distributions of $338.97.

Respondent has conceded that petitioner is entitled to: (1) A $3,000 capital loss deduction; (2) a $900 deduction for an IRA contribution; (3) a $64.26 deduction for self-employment taxes; (4) a $5,900 standard deduction; (5) an $11,033.16 expense deduction on Schedule E, Supplemental Income and Loss; (6) a $3,050 personal exemption; (7) a foreign tax credit of $19; and (8) a prepayment credit of $11,383. Respondent also concedes that only $338.97 of the $1,486.97 IRA distribution is taxable and that petitioner is not liable for the section 6651(a)(1) and (2) additions to tax.

The issues remaining for decision are whether: (1) Respondent erred in using a zero basis and determining a $972 capital gain with respect to petitioner's sale of his "Sonera" stock; and (2) petitioner is entitled to deduct rental real

estate expenditures and losses greater than the amounts to which respondent has agreed.

The stipulated facts and exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Virginia.

### FINDINGS OF FACT

During 2003 petitioner was employed by the U.S. Environmental Protection Agency, he provided financial services to others, and he rented a townhouse to third parties (rental activity).  Although petitioner received $75,314.04 in gross income in 2003 from these activities and other sources, he did not report the items on a timely filed Form 1040, U.S. Individual Income Tax Return.

Respondent, from third-party payor records, determined that petitioner received the following income items in 2003:

| Item | Amount |
| --- | --- |
| Compensation for services | $65,662 |
| Deferred compensation (nontaxable) | 11,658 |
| Gain on stock sale | 972 |
| Interest | 73 |
| Ordinary dividends | 115 |
| Qualified dividends | 706 |
| IRA distributions | 1,486 |
| Capital gain | 67 |
| Self-employment income | 700 |
| Total | 81,439 |

Respondent reduced the $81,439 figure by $11,658 (nontaxable deferred compensation), determining an adjusted gross income (AGI) of $69,781.  As determined by respondent, petitioner's

taxable income was $60,781.50.[1] He also determined a $12,104 deficiency.[2] After applying $11,381 in "PRE-PAID CREDITS", he determined a net tax due of $723. He also determined additions to tax of $162.67 and $93.99 under section 6651(a)(1) and (2), respectively. Respondent issued a deficiency notice to petitioner on September 5, 2006.

In response to the deficiency notice, petitioner mailed a Form 1040 for 2003 to the Internal Revenue Service (IRS); it was received on April 6, 2007. Petitioner reported the previously unreported income items (some of which he reported in greater amounts than respondent had determined). He, however, claimed that only $338.97 of the $1,486.97 IRA distribution was taxable. He also claimed a $2,427.93 loss on the stock sale rather than the $972 gain that respondent had determined. On Schedule E he reported $6,450 in rents received less $11,608.63 in "Total expenses" for a $5,158.63 loss with respect to his rental activity. He reported the $5,158.63 loss as a reduction of gross income. He reported an AGI of $58,686.67, taxable income of $49,736.67, and a "total tax" of $8,732.23. His tax was offset

---

[1] $69,781 (total income) less $3,050 (personal exemption), $5,900 (standard deduction), and $49.50 ("ADJUSTMENT TO INCOME").

[2] $12,005 (income tax) plus $99 (self-employment tax).

by $11,383.43 in withholdings, and he claimed a $2,651.20
refund.[3]

OPINION

I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of
deficiency are presumed correct, and the taxpayer has the burden
to prove that the determinations are in error.  Rule 142(a);
Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of
proof on factual issues that affect a taxpayer's tax liability
may be shifted to the Commissioner if the taxpayer introduces
credible evidence with respect to the issue.  See sec.

---

[3]  The Court has jurisdiction to determine petitioner's
overpayment.  See sec. 6512(b).  The deficiency notice, dated
Sept. 5, 2006, appears to have been mailed during the third year
after the Apr. 15, 2004, due date (including extensions) for
filing petitioner's return.  See sec. 6512(b)(3).  Although
petitioner included a copy of a Form 4868, Application for
Automatic Extension of Time To File U.S. Individual Income Tax
Return, with his trial memorandum, it does not contain a date
stamp "Received" by the IRS (and it was not received into
evidence at trial).  Accordingly, the Court assumes that
petitioner did not receive an extension and that he is entitled
to the benefit of a 3-year lookback period.  Petitioner's tax was
paid within the 3-year lookback period.  See secs. 6513(b)(1)
(any tax actually deducted and withheld at the source under
chapter 24 is deemed to have been paid by the income recipient on
the 15th day of April following the close of the taxable year),
6611(d) (provisions of sec. 6513 apply for purposes of
determining the date of payment for purposes of subsec. (a),
relating to interest on overpayments); see also Baral v. United
States, 528 U.S. 431, 437-439 (2000) (withheld amounts are "paid"
on the due date of the taxpayer's Federal income tax return,
notwithstanding that the tax has not been assessed).

7491(a)(1).  Petitioner has neither alleged nor proven that section 7491(a) applies; accordingly, the burden remains on him.

II.  <u>Consequences of Petitioner's Failure To Timely File:  $972 Gain and Zero Basis</u>

Respondent determined a $972 amount realized, a zero basis, and a $972 capital gain with respect to petitioner's "Sonera" stock.  See secs. 1001(a), (c), 1012.

Petitioner, on his untimely Form 1040, reported a $972.79 amount realized, a $3,400.72 cost basis, and a $2,427.93 long-term capital loss.

If the taxpayer fails to file a return, "'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero * * * and the deficiency is the amount of the income tax imposed by" the IRC.  Sec. 301.6211-1(a), Proced. & Admin. Regs.; see also <u>Laing v. United States</u>, 423 U.S. 161, 174 (1976) ("Where there has been no tax return filed, the deficiency is the amount of tax due"); <u>Schiff v. United States</u>, 919 F.2d 830, 832 (2d Cir. 1990); <u>Roat v. Commissioner</u>, 847 F.2d 1379, 1381 (9th Cir. 1988) ("If no return is made the Commissioner simply proceeds with his independent calculation"); <u>Hartman v. Commissioner</u>, 65 T.C. 542, 546 (1975); <u>Widemon v. Commissioner</u>, T.C. Memo. 2004-162.

To overcome respondent's determinations, petitioner must prove that he is entitled to claim a $2,427.93 long-term capital loss, and he must prove a basis greater than zero.  See Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115; <u>Karara v. Commissioner</u>,

T.C. Memo. 1999-253, affd. without published opinion 214 F.3d 1358 (11th Cir. 2000); Bennett v. Commissioner, T.C. Memo. 1997-145 (and cases cited therein), affd. without published opinion 141 F.3d 1149 (1st Cir. 1998); see also Laing v. United States, supra at 174; Roat v. Commissioner, supra at 1381.

Citing certain IRS publications that refer to the time within which one may timely file a refund claim, petitioner argues that his Form 1040 was timely filed and therefore the IRS's "policy" of using a zero basis "leads [the] IRS to make false claims of indebtedness."

The language he refers to does not, however, negate a taxpayer's obligation to file a timely Federal income tax return. See United States v. Boyle, 469 U.S. 241, 249 (1985) (Congress placed upon taxpayers the "obligation to ascertain the statutory deadline and then to meet that deadline"); Miller v. Commissioner, 114 T.C. 184, 195 (2000). An individual over age 65 is required to file a Federal income tax return if his gross income for the taxable year equals or exceeds the sum of the exemption amount, the basic standard deduction, and an additional standard deduction. Sec. 6012(a)(1)(A)(i), (B). In the case of returns filed pursuant to section 6012, calendar year returns

"shall be filed on or before the 15th day of April following the close of the calendar year". Sec. 6072(a).[4]

Petitioner did not provide any evidence to respondent or to the Court to substantiate the $3,400.72 amount that he claimed as his basis or the claimed $2,427.93 long-term capital loss, as required by the IRC and the regulations.[5] See secs. 6001, 6011(a); secs. 1.6001-1(a), 1.6011-1(a) and (b), Income Tax Regs. Accordingly, respondent's determinations as to a zero basis and a $972 capital gain are sustained.

III. Petitioner's Deductions for Expenditures Paid or Incurred in His Rental Activity

Ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business are generally deductible, sec. 162(a), while personal, living, and family expenses are not deductible, sec. 262(a). An individual's rental real estate activity can constitute a trade or business for purposes of section 162(a). See, e.g., Hazard v. Commissioner, 7

---

[4] Petitioner's gross income exceeded his $8,950 filing threshold, and his return was not filed until Apr. 6, 2007.

[5] At the calendar call, petitioner stated that he would like to call a certain witness (a local broker) to testify as to "what are legitimate costs for basis." He was not allowed to call the witness because he did not comply with the Court's Rules or the Federal Rules of Evidence or Procedure. See Rule 143(a), (f) (regarding the submission of expert witness reports); see also Fed. R. Evid. 602 (requiring witnesses to have personal knowledge; there was no indication that the local broker had personal knowledge as to petitioner's basis in his "Sonera" stock).

T.C. 372 (1946).  But see, e.g., <u>Balsamo v. Commissioner</u>, T.C. Memo. 1987-477 (the taxpayer's rental real estate activity did not constitute a trade or business; rather, the property was held for the production of income within the meaning of section 212(1)).

As used in the IRC, the term "ordinary" means normal, usual, or customary; the transaction that gives rise to the expense must be a common or frequent occurrence within the activity involved. <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940).  The term "necessary" means the expenditures are appropriate and helpful. <u>Welch v. Helvering</u>, 290 U.S. at 113.

Respondent conceded that petitioner was entitled to deduct $11,033.16 in "Total Expenses" with respect to his rental activity.  The allowed expenditures offset the $6,450 rental income, generating a $4,583.16 loss.

Petitioner contends that he is entitled to deduct expenditures, and their related losses, greater than the amounts to which respondent has agreed.  The expenditures at issue include a $500 deduction for legal and professional fees with respect to the towing of petitioner's automobile and a $148.80 deduction for a telephone installed in the basement of the townhouse, which was used "like [a] storage room."

A.   The Telephone Expense

Petitioner testified that the $148.80 expense was incurred for a telephone used "when I would get into town"[6] for conducting business with contractors, prospective tenants, etc. while the townhouse was vacant.  Tenants also had access to the phone because it was not kept behind a locked door.  He also testified that a "C.P.A." said to just take "half [of the telephone expense] and that should be fair."

Petitioner failed to show that the expenditure was an ordinary and necessary expense of a rental real estate activity. See secs. 162(a), 212(1) and (2), 262(a); see also secs. 1.162-1(a), 1.212-1(a)(1) and (2), 1.262-1(a) and (b), Income Tax Regs.  He also failed to establish the amount of his business versus personal use (i.e., by percentage or increments of time). See secs. 162(a), 212(1) and (2), 262(a); secs. 1.162-1(a), 1.212-1(a)(1) and (2), 1.262-1(a) and (b), Income Tax Regs. Accordingly, respondent's disallowance of the expense is sustained.

B. $500 Legal Fee With Respect To Petitioner's Automobile

The Court must inquire into the origin and character of the $500 legal fee to determine whether petitioner is entitled to deduct the expense.  See United States v. Gilmore, 372 U.S. 39,

---

[6]  Petitioner testified that the townhouse was in Charlottesville, Virginia.

51 (1963); see also secs. 162, 212, 262(a), 263; secs. 1.212-1(k), 1.263(a)-2(c), Income Tax Regs. (discussing certain expenditures that must be capitalized). The "origin-of-the-claim" rule requires an examination of the facts and circumstances to determine out of what kind of transaction the litigation arose. Boagni v. Commissioner, 59 T.C. 708, 713 (1973). The Court also considers the issues, the action's nature and objectives, the defenses asserted, the purpose for the legal fees, and the background of the litigation. Id.

In order for the $500 legal fee to be deductible, the origin of the claim must be proximately related to petitioner's rental activity. See United States v. Gilmore, supra at 51; D'Angelo v. Commissioner, T.C. Memo. 2003-295. Petitioner testified that he kept a car "adjacent" to his rental property "for when I was there", see supra note 6, to "take care of the property, [and to] go get things." He further explained that "There was this feud" with the homeowner's association over the car being there, and the association had the car towed. I "had to sue", he testified, thereby incurring the fees in dispute. It was "declared illegally towed, and I did get the property back."

The Court finds that the origin and character of the $500 legal fee are personal; therefore, the expense is not deductible. See sec. 262(a); cf. Lare v. Commissioner, 62 T.C. 739 (1974) (discussing a personal dispute unrelated to defending the

taxpayer's interest in the estate), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975).  Accordingly, respondent's disallowance of the expense is sustained, and petitioner is not entitled to a business loss greater than the amount to which respondent has agreed.

To reflect the foregoing,

Decision will be entered under

Rule 155.